## O. F. SMITH BROTHERS DEVELOPMENT CORPORATION, ET AL. *v.* MONTGOMERY COUNTY COUNCIL

[No. 150, September Term, 1966.]

*Decided March 10, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER and McWILLIAMS, JJ.

*E. Austin Carlin,* with whom were *Meatyard & Carlin* and *Carl Lee Frederick* on the brief, for appellants.

*Robert G. Tobin, Jr., County Attorney,* and *Charles G. Dalrymple, Assistant County Attorney,* on the brief for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The appeal is from the affirmance by the Circuit Court for Montgomery County of the refusal of the County Council to rezone some ten acres of land located generally along Old Georgetown Road in Bethesda from R-60 (one family detached residential) to R-T (Town Houses). The Technical Staff and Planning Board recommended denial of the application to rezone because (1) the existing high grade character of the neighborhood (single-family residences in the thirty thousand to forty-five thousand dollar range on large lots) had not been changed by the granting of a number of special exceptions such as private clubs, a nursing home in a former residence, a medical clinic, and a group of doctors' offices in town houses, and (2) the subdivision streets were narrow for the increased traffic which would be generated if the application were granted, and (3) the desirable character of the area would best be maintained by the development of the ten acres for more single family residences—which the applicants admitted was feasible—

"rather than introducing a use considerably different from the surrounding area." The staff also found that "certainly no transition is needed in this area" and that "rezoning of this land to the R-T zone will permit over three times as many families as the R-60 zone would yield."

The Council concurred in the recommendations and "concluded that the standards prescribed in the Zoning Ordinance for the R-T zone [1] have not been met in this case."

Appellants make two main contentions. First, it is said that the Council erroneously applied the general mistake or change rule applicable to individual rezonings to the R-T zone, having acted before our decision in *Knudsen v. Montgomery County Council,* 241 Md. 436, where we held that the R-T zone, like the R-H zone reviewed in *Beall v. Montgomery County Council,* 240 Md. 77, was a floating rather than a conventional Euclidean zone and therefore was in the nature of and analogous to, a special exception. Second, it is contended that when the Council refused, in effect, to add another special exception (the R-T zone) to the several which had been previously granted, its action was discriminatory, arbitrary and capricious because if the earlier exceptions were compatible with the neighboring area, as they were forecast to be when granted and had actually proved to be, the analogous one now sought must also be found to be compatible.

The short answer is that we gave in *Tauber v. Montgomery County,* 244 Md. 332, 336-37, where the Council relied in part on a finding of no mistake or change in rejecting a requested floating zone:

"Although the Maryland 'original mistake in zoning-change in conditions of the area' rule is not applicable in considering rezoning for an R-H zone as a 'floating zone' in view of our decision in *Beall v. Mont-*

---

1. Section 104-10A, Montgomery County Zoning Ordinance (1958), now codified in Montgomery County Code § 111-12 (1965), provides that the classification is inter alia to fully and efficiently utilize available public utilities and services, to provide the amenities normally associated with less dense zoning categories and to prevent detrimental effects to the use or development of adjacent properties or the neighborhood.

4

> *gomery County,* 240 Md. 77, 212 A. 2d 751 (1965) and in the recently decided case of *Bujno v. Montgomery County Council,* 243 Md. 110, 220 A. 2d 126 (decided June 8, 1966), it is clear that the District Council must determine on the evidence that the proposed R-H rezoning is compatible with the surrounding area. *Bujno v. Montgomery County Council, supra.* As the evidence made this issue fairly debatable, the courts may not substitute their judgment for that of the District Council upon this issue. See *Board of County Commissioners for Prince George's County v. Farr,* 242 Md. 315, 218 A. 2d 923 (1966)."

In the case before us, as in *Tauber,* there was, in addition to the evidence afforded by the reports of the Technical Staff and Planning Board, other probative evidence from which the Council reasonably could have concluded that the appellants had not met the tests set out by the zoning ordinance for a Town House zone and that a rezoning of ten acres for town houses with a density three times as great as permitted by the existing zoning would not be compatible with the present character of the neighborhood.

*Order affirmed, with costs.*