State *vs.* Insley.

(Decided 23rd June, 1885.)

STATE OF MARYLAND *vs.* GEORGE H. INSLEY.

*Oyster law—Act of 1884, ch. 518—Indictment.*

The Act of 1884, ch. 518, known as the " Oyster law," applies exclusively to oysters caught in the waters of this State, and has no application to oysters caught elsewhere.

State *vs.* Insley.

An indictment charging the traverser with carrying oysters contrary to the provisions of the Act of 1884, ch. 518, must contain the averment that the oysters so carried were caught in the waters of this State. Without such averment the indictment is fatally defective upon general demurrer.

APPEAL as upon Writ of Error from the Circuit Court for Anne Arundel County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, RITCHIE, and BRYAN, J.

*Charles B. Roberts, Attorney-General,* for the appellant.

*Bradley S. Johnson,* and *Bradley T. Johnson,* for the appellee.

STONE, J., delivered the opinion of the Court.

The traverser, Insley, was indicted in the Circuit Court for Anne Arundel County, for carrying oysters in a vessel over the waters of the State of Maryland, and within the jurisdiction of the Circuit Court for Anne Arundel County, without having first obtained a license so to do from the State of Maryland. He was indicted under the Act of the General Assembly of 1884, chap. 518.

To this indictment the traverser entered a general demurrer, and the Court below having given judgment on the demurrer in favor of the traverser, the State has appealed to this Court.

The Act of 1884, chap. 518, under which the traverser was indicted, applies *exclusively* to oysters caught in the waters of this State. It has no application whatever to oysters caught *without* the waters of the State. Oysters caught in other waters may be transported over the waters of this State, without any infraction of the Act of 1884, ch.

518.   The offence which that Act designed and intended to create was the carrying without license, *of oysters taken in the waters of this State.*

But the indictment in this case no where charges that the oysters carried over the waters of this State, by the traverser, were *taken in the waters of this State.*   This latter averment is absolutely necessary, in order to constitute any offence whatever against our Act of Assembly, and being omitted in the indictment it follows, that it is fatally defective, and the judgment must be affirmed.

Several constitutional questions arising under the Act of 1884, chap. 518, have been argued before us with great zeal and ability.   It has been insisted that the tax imposed by sec. 6 of the Act of 1884, is a " tonnage tax " imposed by this State *without the consent of* Congress, and therefore contrary to Art. 1, sec. 10, sub-sec. 2 of the Constitution of the United States, which provides that " no State shall, without the consent of Congress, lay any duty of tonnage."

It is also insisted further, that in making it a misdemeanor to *carry* oysters without license from the State, the State law in fact imposes a regulation on commerce, *in addition* to that imposed by Congress, and is therefore void.

These and other important and interesting questions have been argued on behalf of the traverser.

But upon the best consideration we can give to the subject, we do not think it proper for this Court to pass judgment upon the constitutionality of a State law unless such judgment is *necessary* for the decision of the case before it.   Such we believe has been the general practice of this Court, and we can see no good reason to depart from it in this instance.   Indeed, we think there are good reasons why we should not.

Our oyster laws are changed in some respects almost every session of the Legislature.   There will be but a

short time after the oyster season again commences, before the meeting of the next General Assembly, when no doubt all these matters will be brought to its attention, and it can and will amend or change any thing in the existing law requiring alteration or amendment, if any such there be.

We have no doubt whatever of the right and power of the State to pass a law, that if properly executed would perfectly protect her oyster interest. In framing such a law however, care should be taken that no part of it interfere with the paramount right of navigation and inter-State commerce, as control over these subjects have been delegated to the General Government.

Without deciding any of the constitutional questions raised, as their decision could in no manner affect the judgment *in this case,* we affirm the judgment for the reason, as we have before stated, that the indictment is defective.

*Judgment affirmed.*

(Decided 23rd June, 1885.)