## WALLACE STEBBINS *vs.* ELLA CULBRETH.

*Mechanics' Lien—Machine—Heating Apparatus.*

A steam heating apparatus consisting of a boiler and furnace built in
the cellar of a hotel with pipes and radiators, is not a machine
within the purview of *Code*, Art. 63, sec. 22, which provides that
every machine shall be subject to a mechanics' lien in like manner
as buildings.

Appeal from a decree of Circuit Court No. 2, of Balti-
more City (STOCKBRIDGE, J.), dismissing the bill of com-
plaint.

The cause was argued before McSHERRY, C. J., BRYAN,
FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*Vernon Cook* (with whom were *Gans & Haman* on the
brief), for the appellant.

*Richard S. Culbreth* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is a bill in equity to enforce a mechanics' lien, under
Article 63, section 22 of the Code, for materials supplied in
the repair of the steam heating apparatus erected in the
Albion Hotel, at the corner of Richmond and Cathedral
streets, Baltimore.

The hotel is owned by the appellee, Miss Culbreth, who
sometime in the year 1895 entered into a contract with a
certain George F. Simonson to place the necessary repairs
upon the heating apparatus of the hotel. The bill alleges
that the appellant, Stebbins, at the request of the contractor,
Simonson, had furnished a large quantity of materials to be
used in this work, and at the time of the filing of his claim
there was due him the sum of eighteen hundred and ninety-
seven dollars for materials thus furnished. The contract
price for the work, amounting to about twenty-three hun-

dred dollars, was paid by the appellee to the contractor, but he failed to pay for a large portion of the materials which had been furnished him, and this proceeding is adopted for the purpose of enforcing its payment.

The appellant's claim is resisted upon two grounds : First, the right to recover, if any, must be under section 1, Art. 63 of the Code, and not under section 22 of that Article ; secondly, that the appellant is estopped by his conduct and representations from claiming a lien.

It is provided by section 1 of Article 63 of the Code, that every building erected, and every building repaired, rebuilt or improved to the extent of one-fourth its value shall be subject to a lien for the payment of all debts contracted for work done or materials furnished for or about the same. And by section 22 of the same Article, it is provided that every machine, wharf and bridge erected, constructed or repaired within this State shall be subject to a lien in like manner as buildings are made subject under the provisions of this Act.

Now it is clear that the plaintiff is not entitled to a lien under sec. 1 of Article 63 of the Code, because the proof shows that the repairs or improvements upon the hotel did not amount to one-fourth of its entire value.

The sole question, then, is whether the steam-heating apparatus described in this case is a machine within the meaning of section 22 of Article 63 of the Code.

The steam-heating apparatus upon which the right of lien is sought to be maintained in this case, consists of a boiler and furnace built in the cellar of the hotel, in brick and cement, with pipes and heating radiators extending through the hotel.   This structure is a part of the building and is in the nature of a permanent fixture and necessary for the comfortable, convenient and customary use of the building as a hotel.   If removed, it would not only impair the use of the hotel, but would practically destroy the purposes for which the building was used.   The Legislature could never. have intended to give a lien upon a structure such as the

one described in this case.   A machine, within the contemplation of section 4 of the Act of 1845 (*Code*, sec. 22, Art. 63), is such a machine as is not an integral part of a building, and has not lost its character as a movable chattel.   In *Weber* v. *Weatherby*, 34 Md. 661, this Court said that both range and furnace for heating a dwelling were fixtures and within sec. 1 of Art. 63 of the Code.   And in *Schafer* v. *Bibb*, 71 Md. 150, it was also said, that for the same reason that the lien exists for range and furnace, it should exist for the heaters, registers, &c., fitted in the house as permanent fixtures.

We are clearly, then, of the opinion, that the heating apparatus in this case is not such a machine as is contemplated by section 4 of the Act of 1845 (*Code*, sec. 22, Art. 63). It is not then necessary to pass upon the question of estoppel relied upon by the appellee in this case.

*Decree affirmed.*