OSCAR SHACKS AND ISAAC HOHBERGER, TRADING
AS HOHBERGER & SHACKS,

*vs.*

HORACE FORD AND FRANCIS W. STANSBURY,
TRADING AS THE UNITED HEATING CO.

*Mechanics' lien: purely statutory; heating plant; separate con-
tract; repairs and additions; one-fourth value of building.*

A mechanics' lien is created by statute, and to maintain the
lien and enforce it the requirements of the statute must be com-
plied with substantially.                                p. 288

A mechanics' lien for the installation of a heating plant can
not be enforced, under section 2 of Article 63 of the Code,
against the building when the contract for the heating plant
was separate and distinct from that for the building, and the
building had been completed more than two months before the
contract for the heating plant has been made.            p. 289

Nor can such a lien be enforced as repairs or improvements,
under section 1 of that Article, when the heating plant was not
equal to one-fourth of the value of the building.        p. 290

*Decided April 5th, 1916.*

Appeal from the Circuit Court of Anne Arundel County.
In Equity. (BRASHEARS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, PATTISON, URNER, STOCKBRIDGE and CONSTABLE,
JJ.

*John S. Strahorn* (with whom was *Robert Moss* on the
brief), for the appellants.

*Harry L. Price,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case is filed by the plaintiff against the defendants, in the Circuit Court for Anne Arundel County, in equity, to enforce an alleged mechanics' lien, for materials furnished and work done, under a contract between the parties, to furnish and install a hot water heating plant at four stores and an apartment house on a lot of ground owned by the defendants, known as No. 33½, 35, 37 and 37½ West street, Annapolis, for the contract price of eleven hundred and eighty-two dollars.

The contract for the installation of "the hot water heating plant" is dated October 10th, 1913, and the plant was installed and the work completed on the 25th of January, 1914.

It is admitted, that the sum of $554.44 has been paid upon the contract, leaving a balance due of $627.56, with interest thereon, for which the plaintiff claims a lien, against the buildings and ground set out in the lien claim filed with the bill, under sections 1 and 2 of Article 63 of the Code, titled Mechanics' Lien.

By section 1 of Article 63 of the Code, it is provided that every building erected and every building repaired, rebuilt, or improved to the extent of one-fourth of its value in Baltimore City and in any of the counties shall be subject to a lien for the payment of all debts contracted for work done for or about the same, and in the counties every such building shall also be subject to a lien for the payment of all debts contracted for materials furnished for or about the same.

And by section 2, of the same Article, it is further provided, that in all cases in which a building shall be commenced and not finished, the lien shall attach thereto to the extent of the work done or materials furnished.

It is clearly established that a mechanics' lien is the creation of statute and to maintain and enforce it, the requirements of the statute must be substantially complied with. *Treusch* v. *Shryock,* 55 Md. 330; *Wilson* v. *Simon,* 91 Md. 6; *Long* v. *Albert,* 116 Md. 114; *Carroll* v. *Waters,* 108 Md. 420.

It is clear that the plaintiff is not entitled to a lien, under section 2 of Article 63 of the Code, because according to the uncontradicted proof the building against which the lien is claimed, was finished and completed on or about August 1st, 1913, and the contract for the installing of the heating plant, was not made until October 10th, 1913.

The witness Bean, testified on behalf of the plaintiff, that the building was completed on August 13th, 1913, and the contract was completed on that day and a settlement had between the parties. He further testified, that it was not the intention of the owners to put in a heating plant, under the original contract, but the building was to be heated by stoves and chimneys were put in by the contractor for this purpose.

The undisputed testimony upon the part of the defendants, is to the effect that the heating plant, was not determined upon, until two months after the completion of the building, and then, the owners, decided they could get a better class of tenants by putting in a heating plant instead of the stoves then in the building. It was never intended to be a part of the original improvement to the building and was not included, in that contract. The building had been completed, the stoves put in, and the apartments partly occupied by tenants, when the contract for the heating plant, was made.

It is, therefore, difficult to see upon what theory, it can be held, that the plaintiffs can enforce a mechanics' lien, under section 2 of Article 63 of the Code, when the building had been finished and completed two months prior to the contract for the installation of the heating plant, under which the lien claim is sought to be maintained.

Nor is it satisfactorily shown from the proof, that a lien can be sustained, under section 1 of Article 63 of the Code. It is not alleged by the bill, nor is it stated in the lien claim that the repairs or improvement to the building was to the extent of one-fourth of its value. The answer avers that the heating plant was not one-fourth of the value of the finished building. The proof shows that it was an old building repaired, remodeled and improved to the extent of $5,000.

The contract price for the heating plant was $1,182.00, but it does not appear that the improvement made by the installing of the heating plant was more or to the extent, of one-fourth of the value of the building, in which it was placed, so as to bring the claim within the provisions of the statute.

In *Stebbins* v. *Culbreth*, 86 Md. 656, it was said, that the plaintiff was not entitled to a lien under section 1 of Article 63 of the Code, because the proof shows that the repairs or improvements upon the hotel (the same being the repair of the steam-heating apparatus erected in the hotel) did not amount to one-fourth of its entire value. It was further held in that case that a steam-heating apparatus consisting of a boiler and furnace built in the cellar of a hotel with pipes and radiators, is not a machine within section 22 of Article 63 of the Code, which provides that every machine shall be subject to a mechanics' lien in like manner as buildings.

The case of *Schaper* v. *Bibb*, 71 Md. 144, relied upon by the appellee, is unlike this. In *Bibb's case*, the contract was an entire and continuous one, and the ranges and fire-place heaters, with their attachments were put and fitted in the houses, while in course of erection and construction and the Court held, that they were materials furnished for or about the finish of the house. According to the intention of the parties, they were permanent fixtures and as part and parcel of the finish of the house, and the lien was allowed. And to the same effect, is the case of *Weber* v. *Weatherby*, 34 Md. 656.

We are of opinion, therefore, that the Court below, committed an error in allowing the lien claim in this case, and its decree must be reversed. As there can be no recovery under the mechanics' law, the bill will be dismissed.

*Decree reversed, and bill dismissed with costs.*