## MUNN et al. v. RIGGS et al.
### No. 6281.

Court of Civil Appeals of Texas. Amarillo.
Feb. 9, 1953.

Rehearing Denied March 9, 1953.

James R. Collins, Amarillo, for appellants.

Crenshaw, Dupree & Milam, Lubbock (Max Addison, Lubbock, of counsel), for appellees.

PITTS, Chief Justice.

This appeal is from a judgment against the sureties on a fidelity bond contract for the sum of $949.40 together with 6% interest thereon from the date of payment demand. Appellees, Franklin Life Insurance Company and K. L. Riggs, West Texas agency manager for the said company, filed suit against Sylvester Munn, the principal on the said bond, and appellants, Gaylord R. Chase, R. L. Curtis, W. E. Sharp and J. D. Amend, sureties on the said bond, alleging liability of the principal and sureties thereon as a result of the expressed good faith conditions set forth in the bond contract indemnifying appellees against losses for the advancement of money made to the principal and for other money and indebtedness, the principal may owe appellees under the terms therein expressed. Appellants answered with a denial of liability but seek a judgment against Munn for any sum adjudged against them. The case was tried by the court without a jury and judgment was thereafter rendered for appellees against the named principal and sureties on the bond, from which judgment the sureties alone have perfected an appeal, denying liability and charging error in the amount of the judgment in any event.

It has long been the law in this state that a final judgment rendered in a case such as this must be presumed to be correct upon appeal unless the contrary affirmatively appears from the record. Baker v. Elliott, Tex.Civ.App., 198 S.W.2d 152. No findings or conclusions were filed by the trial court or requested in this case. The rule is well established that unless findings are filed by the trial court, the appellate court must presume that the trial court correctly found all fact issues having support in the evidence in favor of its judgment rendered. Bostwick v. Bucklin, Tex.Civ.App., 190 S.W.2d 814, affirmed 144 Tex. 375, 190 S.W.2d 818. It has also been held that in non-jury cases the trial court's judgment must be affirmed if there is sufficient evidence to support it on any theory. Gray v. Luther, Tex.Civ.App., 195 S.W.2d 434. To test the sufficiency of the evidence, we must give credence only to the evidence and circumstances favorable to the presumed findings of the trial court and disregard all evidence and circumstances to the contrary. Boston Ins. Co. v. Rainwater, Tex.Civ.App., 197 S.W.2d 118, and other authorities there cited.

The record before us reveals that late in September of 1950 Sylvester Munn entered

into a contract with appellees to represent the Franklin Life Insurance Company as its agent in the Amarillo area in the selling of life insurance on an agreed commission basis and in hiring other agents to work for the said company under him. Such agreed agency contemplated the opening of an office and the necessary expenses in connection therewith by Munn for the operation of an insurance business. It was further contemplated that appellees, or either of them, would, after being satisfactorily secured, advance the necessary money to Munn for the opening of an office and for getting started in the operation of the business and that Munn would collect insurance premiums and other funds belonging to appellees and satisfactorily account to them for the same. In order to satisfactorily secure appellees, on October 2, 1950, Munn as principal, together with the previously herein named sureties, executed a fidelity bond acknowledging themselves, jointly and severally, bound to indemnify both appellees against any losses or liabilities, not to exceed $3,000, by reason of monies handled and to be handled by the principal, Munn, belonging to appellees. To be more specific, the closing language used in the last paragraph in the said bond recites:

"* * * and further conditioned that we shall indemnify said Company and or K. L. Riggs against any loss or liability maintained or incurred by it, by, through or as a result of any act of said Principal as Agent in the amount and up to and including Three Thousand Dollars, I, We, or Either of Us, are and will be responsible for any advances, nets or indebtedness and will pay if and when deemed necessary."

On October 20, 1950, by mutual agreement appellee, K. L. Riggs, advanced $500 in cash to Munn, as the company's agent, who executed a promissory note on the same day payable on demand to Riggs, bearing 6% interest; thereafter on November 11, 1950, another $500 in cash was advanced by Riggs to Munn in the same manner and with a similar note executed by Munn; thereafter on December 15, 1950, $125 in cash was advanced to Munn by Riggs with a similar note executed by Munn but for only $125; thus making a total of $1,125 advanced to Munn by Riggs. In the meantime, and as a result of business procured by Munn, he also owed appellees insurance premium nets in the total sum of $68.33. Thereafter on September 4, 1951, Munn sent Riggs his personal check for the sum of $300 drawn on a bank in Dalhart, Texas, to be applied on his incurred indebtedness. Riggs cashed the check and applied it as follows: on total nets $68.33, on total accrued interest at the rate of 6% on the said notes $56.07, on the principal indebtedness the balance of $175.60 was applied, reducing the indebtedness for total advancements to $949.40, which sum was outstanding and unpaid when Munn terminated his services with the Franklin Life Insurance Company about a year after he began as its agent. Demands were made by appellees upon the principal and sureties on the bond for the payment of the said sum but no part of it had been paid. This suit was thereafter filed on November 29, 1951, for the total sum of $1,148.77, together with interest and $200 attorney fees.

After hearing the pleadings and the evidence, the trial court took the matter under consideration for a period of nearly three months before rendering judgment. It then apparently approved the manner in which appellee, K. L. Riggs, applied the payment of $300 made personally by Munn to Riggs on Munn's outstanding obligations and indebtedness to appellees. In its judgment the trial court found that the balance of the advancements made to Munn by Riggs in the sum of $949.40 was indemnified and secured by appellants under the terms of the fidelity bond. The trial court first rendered judgment for Riggs against Munn for the sum of $1,105.67, together with lawful interest until paid, from which part of the judgment no appeal was perfected by Munn. It likewise rendered judgment for Riggs against appellants, jointly and severally, for the remainder of the advancements in question in the sum of $949.40, together with 6% interest from the date this suit was filed, the same be-

ing considered as the date demand was made upon appellants for payment of the debt in question. No other interest and no attorney fees were charged against appellants or awarded Riggs as against them. Appellants were awarded judgment against Munn for such sums as they each were required to pay Riggs under the terms of the judgment, together with lawful interest thereon.

We find no fault with the trial court's approval of the manner in which Riggs applied the payment of the $300 made by Munn on or about September 4, 1951, to Riggs, except for the application of the $56.07 as accrued interest on the Munn notes. Under the terms of the bond, appellants were liable for unpaid nets and advancements made to Munn, but not for the accrued interest on the Munn notes when the terms of the bond are carefully construed. When Munn sent the $300 to Riggs, he did not direct or suggest to Riggs how it should be applied and there was no agreement between Munn and Riggs about how it should be applied in so far as the record reflects. Munn filed his answer in this action and also testified as a witness but he did not complain at any time about how the said payment had been applied by Riggs. In the absence of any agreement or any direction or request from Munn, Riggs could apply the payment to Munn's debt or obligation in the order he saw fit, in so far as Munn's interest was concerned. 32 Tex.Jur. 674–5, Sec. 26. Neither did any of appellants direct or suggest to Riggs how the said payments should be applied in so far as the record before us reflects. And third persons cannot ordinarily control the application of payments or compel the application for their own benefits when such are made either by the debtor or creditor. However, under the rules of equity, where the creditor has notice of the liability of the sureties, who are only secondarily liable, as Riggs did in the instant case, the payment ought to be applied to the debt for which the sureties are liable. 32 Tex.Jur. 691–92,

Sec. 33. Under the record here presented Riggs would have been justified in applying the payment first to the unpaid nets, and the balance on the unpaid advanced principal as far as it would go. 32 Tex. Jur. 689, Sec. 31. Thus the sum of $68.33 should have been applied on the unpaid nets and the balance of $231.67 applied on the advancements, which would have reduced the same to $893.33, for which sum judgment should have been rendered, together with legal interest thereon. For the reasons stated it is our opinion that the trial court's judgment should be accordingly reformed.

Appellants contend that the advancements made to Munn were for his own personal use and not for the operation of his insurance agency, but the trial court found against such contention and there is ample evidence to support such finding. We are therefore bound by it.

The pleadings and the evidence warrant a judgment, under the law governing such, against the appellants for the remainder of the advancements in the sum of $893.33 made by Riggs to Munn. The trial court was justified in awarding interest at the rate of 6% from the date this action was filed, the same being considered as the date of demand, until the judgment is satisfied, but the interest should be calculated on the sum of $893.33 and not on $949.40. Articles 5069 and 5070, Vernon's Revised Civil Statutes, and authorities cited thereunder, together with the following additional authorities: American Surety Co. of New York v. North Texas Nat. Bank, 14 S.W.2d 88 (reversed by the Supreme Court on other grounds but approved as to the rule here cited, Tex.Com. App., 25 S.W.2d 822; Ricks v. Culp, Tex. Civ.App., 206 S.W.2d 285; Gray v. Laketon Wheat Growers, Tex.Civ.App., 240 S. W.2d 353.

A careful examination of the record and the briefs reflect no reversible error. Appellants' points to the contrary are all overruled and the judgment of the trial court as reformed is affirmed.