**AMBROSE & CO., Inc., et al., Appellants,**

v.

**C. O. HUTCHISON et al., Appellees.**

No. 16294.

Court of Civil Appeals of Texas.

Fort Worth.

March 23, 1962.

Rehearing Denied April 20, 1962.

**216**

Lattimore & Lattimore and Hal M. Lattimore, Fort Worth, for appellants.

Elton M. Hyder, Fort Worth, for appellees.

RENFRO, Justice.

In a trial before the court the plaintiffs C. O. Hutchison and L. E. Nolley were awarded a money judgment against the defendant Ambrose & Co., Inc., and foreclosure of a constitutional lien upon certain described property against Ambrose & Co., Inc., and Eagle Mountain Holdings, Inc. Both defendants appealed.

The controversy arose out of the construction, under a written contract between plaintiffs and Ambrose & Co., Inc., of a pier at Eagle Mountain Lake.

The defendants took the position that the pier was not an "article" or "building" within the meaning of the Constitution.

It is provided in Art. 16, § 37 of the State Constitution, Vernon's Ann.St. that "mechanics, artisans, and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; * * *."

It is to be noted the constitutional provision does not define the word "building".

In Mutual Lumber Co. v. Sheppard, Tex. Civ.App., 173 S.W.2d 494, 497, the court adopted the following definition of a building: "It is generally held * * * that the meaning of the noun 'building' depends usually upon the particular facts and circumstances of each case, controlled largely by the intention of the parties, or by the aim or purpose of a particular statute. The noun 'building' has been generally held to include any edifice erected by the hand of man of lumber, iron, stone, brick, wood, marble, cement, or any other substance, connected together, and designed for any use in the position fixed; or to include an edifice, an erection, a fabric built or constructed; a structure designed for the habitation of men or animals, or for the shelter and protection of property. Whenever the noun 'building' is used in this sense it has been held to include all sorts of structures, fabrics built or constructed, edifices or erections used or useful to man. See 12 C.J.S., Building, pp. 382, 383, for a list of such buildings or structures."

The pier in question was built of steel and heavy timber. According to plaintiffs' testimony its cost was in excess of $13,-000.00. One end was anchored on dry land and the balance was affixed in a permanent stationary manner in and over the water of the lake by means of steel pipes. Besides the usual purposes of a pier it was also designed to provide a storage place for boats and protection for boats, and to protect floating boat houses. Under parts of the pier places were provided for the purpose of securing boats underneath the pier.

■ Under the definition set out above and taking into consideration the type of structure, cost, intention of the parties, and the uses for which it was constructed, we hold the pier was a building within the meaning of the Constitution.

■ In another point defendants contend the court erred in holding that the plaintiffs were mechanics or artisans within the meaning of Art. 16, § 37, supra. There was evidence that building a structure of the kind in question required special skills and that plaintiffs were experienced in such construction. There is ample evidence to sustain the court's implied finding that plaintiffs qualified as mechanics or artisans under the constitutional provision.

Defendants contend the court erred in overruling two of their exceptions which attacked the sufficiency of plaintiffs' pleadings. In our view the record does not reflect reversible error by reason of the ruling of the court.

The defendants also ask reversal upon the alleged grounds that plaintiffs waived their rights to a constitutional lien; that Eagle Mountain Holdings, Inc., was a bona fide purchaser without notice; that Ambrose & Co. was entitled to recover against plaintiffs on its cross-action, and that the described property was not properly identified as the property upon which plaintiffs furnished labor and material.

■ In a case tried without a jury, the court sits as a trier of the facts, as well as the law. He is the judge of the credibility of the witnesses and the weight to be given their testimony. Paddock Engineering Co. of Texas v. Rife, Tex.Civ. App., 310 S.W.2d 594. Where there is probative evidence to support the findings and judgment, they are controlling on the reviewing court and will not be disturbed even though the evidence is conflicting. 4 Tex.Jur.2d, p. 400, § 839.

■ There is ample evidence of probative force in the record to sustain the implied findings of the trial court to the contrary of the above stated contentions of the defendants. Since there is ample evidence to sustain such implied findings, this court is without authority to disturb them. Carter v. Richardson, Tex.Civ.App., 315 S.W. 2d 378; Munn v. Riggs, Tex.Civ.App., 257 S.W.2d 714.

All points of error are overruled and the judgment of the trial court is affirmed.