**ARLINGTON ACCEPTANCE CORPORATION, Appellant,**

**v.**

**Richard E. TAYLOR et ux., Appellees.**

**No. 16906.**

Court of Civil Appeals of Texas.

Fort Worth.

March 15, 1968.

Rehearing Denied April 12, 1968.

---

Irby & McConnico, and Phil Strickland, Fort Worth, for appellant.

Fritz & Vinson, and Donald W. Keck, Dallas, for appellees.

## OPINION

RENFRO, Justice.

The Arlington Acceptance Corporation brought suit on a promissory note and for foreclosure of a chattel mortgage against Richard E. and Betty A. Taylor.

Defendants filed plea of privilege claiming Dallas County as their residence.

Plaintiff sought to hold venue in Tarrant County under Section 5, Art. 1995, Vernon's Ann.Tex.Rev.Civ.St.

The plea was sustained by the trial court and the cause ordered transferred to Dallas County Court at Law No. 1.

Plaintiff contends the court erred because (1) the evidence established fact of a contract in writing performable in Tarrant County, and (2) defendants failed to prove that such contract was void, or was in any other way unable to support venue in Tarrant County.

Plaintiff introduced testimony that the place of payment, Arlington, Tarrant County, was written in the note when it was signed by the defendants.

Defendants claimed the place of payment was blank when they signed the note, and that they had never agreed in writing or orally to make payments in Tarrant County, or to allow plaintiff to fill in the blank space.

The trial court chose to accept defendants' version of the transaction.

At the time the note was executed the Texas Regulatory Loan Act, Chap. 205, Acts of the 58th Legislature, was in effect. Plaintiff was a licensee under said Act. The space for place of payment was blank in the copy of the note delivered to defendants. Section 20(d) of said Act provided that no licensee shall take any instrument in which blanks are left to be filled in after the loan is made. We are not here concerned with the ultimate effect of the act of licensee in filling in blanks after the loan is made. The court in the venue hearing, however, could take into consideration such after "filling in" of the blank in support of its implied finding that no place of payment was agreed upon.

In a case tried without a jury, the court sits as a trier of the facts as well as of the law. He is the judge of the credibility of the witnesses and the weight to be given their testimony. The court may draw any reasonable inferences from the evidence, and any doubts as to the facts will be resolved in favor of the judgment. Paddock Engineering Co. of Texas v. Rife, 310 S.W.2d 594 (Tex.Civ.App., 1958, ref., n. r. e.; Republic Ins. Co. v. Inverness Estates, 252 S.W.2d 251 (Tex.Civ.App., 1952, ref.).

Where there is probative evidence to support the findings and judgment in a non jury case, they are controlling on the reviewing court and will not be disturbed even though the evidence is conflicting. Ambrose & Co. v. Hutchison, 356 S.W.2d 215 (Tex.Civ.App., 1962, no writ hist.).

It is within the province of the trier of facts to resolve conflicts and inconsistencies in the testimony of any one witness, as well as the testimony of different witnesses, Austin Fire Ins. Co. v. Adams-Childers Co., 246 S.W. 365 (Tex.Com.App., 1923), and the appellate court will view the evidence in the light most favorable to the judgment.

There being ample evidence of probative force to support the trial court's judgment, when viewed in the light of the above rules, the judgment is sustained. McElyea v. Cosby, 233 S.W.2d 482 (Tex.Civ.App., 1950, no writ hist.); Martinez v. General Beverage Distributors, 312 S.W.2d 284 (Tex.Civ.App., 1958, no writ hist.).

Judgment affirmed.