## NOONE ELECTRIC COMPANY, INC. ET AL. v. FREDERICK MALL ASSOCIATES ET AL.

[No. 98, September Term, 1975.]

*Decided June 23, 1976.*

---

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ., and J. HAROLD GRADY, Associate Judge of the Eighth Judicial Circuit, specially assigned.

*Richard F. Cadigan* for appellants.

No brief filed on behalf of appellees.

SINGLEY, J., delivered the opinion of the Court.

In this case, two tenants of uncompleted stores in a shopping center complex employed a general contractor to complete the premises which the tenants had leased. The question presented is whether a subcontractor who had not been paid by the general contractor may assert a mechanic's lien against the owner of the shopping center. The subcontractor argues that it can assert its lien against the entire center because its work involved the completion of the building, and that the trial court erred in holding that the lien could be asserted only against the tenant's leasehold interest. We conclude that the trial court was correct, and shall affirm.

Frederick Mall Associates, a limited partnership (the Owner), contracted with Hannan-East Construction Company (Hannan-East) for the construction of a shopping center, Frederick Towne Mall, on the outskirts of Frederick, Maryland. Under the terms of the Owner's contract with Hannan-East, the latter was responsible only for the construction of public areas, access ways, the enclosed mall and "shells" of preformed and reinforced concrete, each facing the mall, consisting basically of "modules" having

three walls, a floor and a roof, which could be completed as stores to meet the needs of the particular tenant.[1]

The Owner then proceeded with negotiations looking toward the leasing of the individual modules to tenants. This case involves two such leases: one, dated 11 February 1972, between the Owner and Friendly Ice Cream Corporation (Friendly); the other, dated 15 June 1972, between the Owner and Time Out Amusement Centers, Inc. (Time Out). Each lease provided for the completion of the modules by the tenant, and both tenants contracted with Marmik Construction Company (Marmik), a general contractor, for the performance of this work. Marmik subcontracted the necessary electrical work to Noone Electric Company, Inc. (Noone), the appellant. The work was performed in the summer of 1972.

When Noone completed its work and was not paid by Marmik, Noone gave both the Owner and the tenants notice of its intention to assert a mechanic's lien for unpaid balances of $7,493.01 for work done on the Friendly store and of $7,088.21 for work done on the Time Out store, and thereafter filed a lien only against the owner of the entire shopping center. Noone then sought to enforce its lien against the Owner in an action brought in the Circuit Court for Frederick County on 25 July 1973.[2]

The timeliness and adequancy of the notice, the description of the property, and the bill of complaint to enforce the lien were stipulated, as was the fact that Noone's work had been performed "for and at the behest of the tenants" and not "directly for or at the behest of the owners." The constitutionality of our mechanic's lien procedure was not raised, see *Barry Properties v. Fick Bros.*, 277 Md. 15, 353 A. 2d 222 (1976).

The two cases brought by Noone were consolidated for trial together with the case of *A. Pessaro & Co., Inc. v.*

---

1. For a case involving a somewhat similar mode of construction, see Caplan Bros. v. Village of Cross Keys. 277 Md. 41, 353 A. 2d 237 (1976).

2. By the time the action was brought, the liens had been "bonded off," and Commercial Union Insurance Company and Royal Globe Insurance Company, the sureties, were joined as defendants.

*Frederick Mall Associates,* also pending in the Circuit Court for Frederick County, which involved additional work performed by Pessaro in the space leased to Friendly, for which a balance of $6,300.00 remained unpaid.

In due course, the Owner and the sureties filed a motion for summary judgment, bottomed on the contention that because the work done and materials furnished were supplied under contracts with the tenants, the liens which had been asserted against the Owner would attach only had they been asserted against tenants' respective leasehold interests and could not attach to the estate of the Owner. From an order granting the motion for summary judgment, and dismissing the petitions, Noone and Pessaro appealed to the Court of Special Appeals. We granted certiorari while the case was pending in that court in order that we might consider the matter.

Maryland Code (1957, 1972 Repl. Vol.) Art. 63, § 9, which was in force when the work was completed, provided:

> "Where a building shall be erected by a lessee or tenant for life or years of a farm or lot of ground or by an architect, builder, or other person employed by such lessee or tenant the lien shall only apply to the extent of the interest of such lessee or tenant." [3]

This Court has had occasion to invoke the rule of this statute many times,[4] *Grinnell v. City of Crisfield,* 264 Md. 552, 559-60, 287 A. 2d 486 (1972) (tenant's interest cannot be subject to lien, even though tenant has right to approve construction contract and has option to buy, if tenant is not obligated in construction contract); *United States Tile & Marble Co. v. B & M Welding & Iron Works, Inc.,* 254 Md. 81, 87, 253 A. 2d 838, 841-42 (1969) (lien attached to interest of one joint tenant); *Dente v. Bullis,* 196 Md. 238, 241-42, 76 A. 2d 158, 159-60 (1950) (lien attached to interest of one tenant

---

3. This provision was recodified, without material change, in Maryland Code (1957, 1973 Repl. Vol.) Art. 21, § 9-103 (b) (2), which was in effect when the present bill to enforce the lien was commenced. The provision is now found in Code (1974), Real Property Article, § 9-102 (c) (2), but has been amended by Chapter 349, § 9-103 (c) (2) of the Laws of 1976, effective 4 May 1976.

4. The provisions were derived from Chapter 287, § 7 of the Laws of 1845.

in common who had obligated himself); *Hoffman v. McColgan*, 81 Md. 390, 395-96, 32 A. 179, 181 (1895) (" '. . . [A] lessee cannot, without the consent of the lessor, bind the reversion to answer for the improvement or repairs which he may erect upon the premises' "); *Beehler v. Ijams*, 72 Md. 193, 195, 19 A. 646 (1890) (lien attached to interest of lessee who had caused building to be erected); *Gable v. Preachers' Fund Society of Baltimore*, 59 Md. 455, 460 (1883):

> "The material-man who relies upon his lien, must look to the state of the title of the land upon which his materials are to be used. If he finds the party with whom he deals is not the owner, but is the architect, builder or agent of the owner, the law prescribes a mode by which, upon notice to the owner, he can make the land liable. *If he finds that such party is lessee or tenant for life, or years he can only claim a lien to the extent of such estate.*" (emphasis supplied.)

*See also, Lenderking v. Rosenthal*, 63 Md. 28, 33-34 (1885); *Mills v. Matthews*, 7 Md. 315, 324-25 (1854). The rationale is a simple one: the lien attaches only to whatever interest or estate is held by the person liable for the cost of construction or improvement.

It is worthwhile noting that Friendly and Time Out, in identical affidavits filed in support of the Owner's motion for summary judgment, asserted that they had no interest in the reversionary estate; that the Owner had not consented to subjecting the property to mechanics' liens, and that they had contracted with Marmik in their own behalf, and not as agents for the Owner. Moreover, we note that under the terms of their leases, while plans and specifications for the work to be done required approval by the Owner, the tenants assumed sole responsibility for payment for the work, and for its satisfactory completion free from the assertion of any lien. Thus, applying the construction given Code (1957, 1972 Repl. Vol.) Art. 63, § 9 in *Grinnell v. City of Crisfield, supra,*

264 Md. at 559-60, it is evident that the lien cannot be asserted against the Owner's estate.

Because the lien was filed only against the landlord's estate, and not against the tenants' interest, we need not reach the questions whether the work performed by the tenants' contractor and the various subcontractors was but a portion of the "erection" of a building rather than the "improvement" of an existing structure to the extent of 25 per cent of its original value, see Code (1957, 1972 Repl. Vol.) Art. 63, § 1. *Hoffman v. McColgan, supra*, 81 Md. at 395-96 seems to imply that the language of the progenitor of Code (1957, 1972 Repl. Vol.) Art. 63, § 9, now § 9-102 (c) (2) of the Real Property Article, encompassed both the "erection" and "improvement" of a building. Chapter 349, § 9-103 (c) (2) of the laws of 1976 [5] has codified what the cases appear to have assumed was the legislative intent.[6]

As a consequence, the chancellor was quite correct when he concluded that Noone's lien could not be asserted against the Owner, but only against the tenants' leasehold interests; granted summary judgment in favor of the defendants, and dismissed the bills of complaint to enforce the liens.

> *Order affirmed, costs to be paid by appellants, Noone Electric Company, Inc. and A. Pessaro & Co., Inc.*

---

**5.** "If a building is erected, *or repaired, rebuilt or improved to the extent of 25 percent of its value,* by a tenant for life or years or by a person employed by the tenant, any lien established in accordance with this subtitle [Mechanic's Liens] applies only to the extent of the tenant's interest." (emphasis supplied to indicate new language).

**6.** It seems incongruous that the legislature would have permitted the assertion of a mechanic's lien against the owner of the land where the tenant merely improved an existing structure while allowing a lien resulting from the erection of a building to attach solely to the tenant's interest in the land.