## Westmoreland v. Century III Associates

*Harry S. Kalson* and *Louis Vaira*, for plaintiff.
*George L. Lass*, for owners.

FINKELHOR, *J.*, September 4, 1980—This matter is before the court on the preliminary objections of defendants, owners or reputed owners, in the nature of a motion to strike a mechanic's lien claim filed by plaintiff, based upon a contract with a tenant of defendants. The major issue is whether and to what extent a mechanic's lien may attach to the estate of a landlord for work done under contract with a tenant. In addition, plaintiff has filed a motion to amend the claim.[1]

Based upon the facts alleged in the mechanic's lien claim, plaintiff Westmoreland avers a lien of $51,687.39 against defendant Century III Associates, a joint venture,[2] for material and labor furnished by him as a contractor on property leased by Alan Lichtenstein, t/d/b/a Fashion Hosiery Stores, Inc., from Century III. A bill of particulars was attached to the initial claim indicating work and materials furnished between August 27, 1979 and October 3, 1979.

The claim asserts that Westmoreland contracted directly with Lichtenstein, a tenant "authorized by the owners, Century III Associates, to contract for the work for which this claim was filed." Claimant seeks to have the lien attach to all the shopping center buildings and ground owned by defendants and known as Century III Shopping Center.

Service was made on defendants Century III Associates and Edward J. DeBartolo Corporation by

---

1. As amendments are liberally construed, we have considered facts alleged in the amendments.

2. Century III Associates is a joint venture of Edward J. DeBartolo Corporation and United States Steel Corporation and is termed a partnership in the amended complaint.

certified mail, and personal service was made on defendant United States Steel Corporation.

## Amendment

Subsequent to the filing of the preliminary objections, Westmoreland sought to amend the claim to allege that Century III Associates is a general partnership composed of the Edward J. DeBartolo Corporation and United States Steel Corporation, that United States Steel is the owner in fee of the property, and that the general partnership is a tenant for years of the shopping center. The proposed amendment further states that Century III Associates leased space to Fashion Hosiery Stores, Inc., under a written lease, material parts of which are attached to the petition and that the labor and materials were furnished pursuant to a contract between claimant and Fashion Hosiery which was obligated to have such work done under its lease with Century III Associates. The facts in the proposed amendment will be considered by the court in disposing of this matter.

## The Statute

The Mechanics' Lien Law of August 24, 1963, P.L. 1175, as amended, 49 P.S. §1101 et seq., sets forth a statutory procedure to provide security to contractors and subcontractors furnishing material and labor in the construction of a building or other structure. After the filing of the lien, defendant may question the claim by way of preliminary objection: 49 P.S. §1505.

Section 201 of the act defines its terms as follows: "(3) 'Owner' means an owner in fee, a tenant for life or years or one having other estate in or title to property."

Section 201(4) defines a contractor as: ". . . one who, by contract with the owner, express or implied, erects, constructs, alters or repairs an improvement or any part thereof or furnishes labor, skill or superintendence thereto. . . .".

In addition, section 303(d) sets forth those instances where the lien may not be filed and includes an exemption for leasehold premises as follows:

"Leasehold Premises. No lien shall be allowed against the estate of an *owner in fee* by reason of any consent given by *such owner* to a tenant to improve the leased premises unless it shall appear in writing signed by such owner that the erection, construction, alteration or repair was in fact for the immediate use and benefit of the owner." (Emphasis supplied.)

As applied to these proceedings, the issue is whether the contract with the tenant Fashion Hosiery is sufficient to create a lien against Century III, a partnership, wherein Century III Associates is the lessor under a written lease from the owner in fee, United States Steel Corporation.

## Positions of the Parties

It is the position of defendants that first, the property is exempt from the lien under section 303 of the Mechanics' Lien Law, 49 P.S. § 1303; second, plaintiff is not entitled to invoke the benefits of the act because, as to defendants, he is neither a contractor nor a subcontractor; third, the claim lacks conformity with the law due to defective service and lack of specificity; and fourth, the act itself is not constitutional.

These arguments will be considered ad seriatim and including the facts of the amended complaint.

It is plaintiff's contention that there is an implied contract between Westmoreland and Century III based upon the lease between Century III and Fashion Hosiery and further that, while Century III is an owner as defined in section 1201(3), it is not an owner in fee and, therefore, not bound by section 1303(d).

## DISCUSSION

### Owner-Tenant

Under the statutory language quoted above, a mechanic's lien may be based on an implied as well as an express contract and may run against the owner as well as the tenant: American Seating Co. v. Philadelphia, 434 Pa. 370, 256 A. 2d 599 (1969); Murray v. Zemon, 402 Pa. 354, 167 A. 2d 253 (1960); Architekton, Inc. v. Southeastern Pa. Synod of The Lutheran Church, 3 D. & C. 3d 426 (1977).

Contrary to the cited cases, the present proceedings under plaintiff's amended facts include an owner in fee (U.S. Steel), a tenant (Century III), a subtenant (Fashion Hosiery) and the contractor.

However, the statute on its face appears to distinguish between classes of owners. As quoted above, section 1201 defines owner as a word of art to include not only owners in fee but also tenants for life or years or any other fee or estate in the property. Section 1303(d) ignores this definition and only requires that an *owner in fee,* an undefined term, consent to the improvements of the tenant and state that the improvements were for its benefit. Thus, construing these two sections together, a written consent is specifically made a condition precedent to the filing of a lien against the estate of an owner in fee, 53 Am.Jur. 2d, Mechanics' Liens §25, but an owner of a leasehold, not being an owner in fee, may

subject this interest to a mechanic's lien without prior written consent. If, as alleged in the petition to amend, Century III Associates is not the owner in fee, but merely a tenant for years, such a written consent is not required under section 303 of the act.[3] Neither party has advanced any theory as to why the act accords a difference in treatment between classes of owners. While we may question the classification of owners, it is not the function of the court to extend the scope of exemption beyond the legislative language and to, in effect, enlarge the statutory exemption. We are further persuaded by the broad language of the Superior Court in Gee v. Eberle, _____ Pa. Superior Ct. _____, 420 A. 2d 1050 (1980).

As stated by Judge Spaeth, 420 A. 2d at 1060:

"There is at least one decision that is opposed to the cases requiring an unpaid subcontractor to prove wrongful conduct by the owner, or exhaustion of remedies, or some sort of direct relationship with the owner. In S. and M. Rotogravure Service, Inc. v. Baer, 77 Wis. 2d 454, 252 N.W. 2d 913 (1977), the Wisconsin Supreme Court held, simply, that a contractor who had done work for a tenant of a building could recover from the landlord on a claim of unjust enrichment where the contractor's work enhanced the value of the building and the landlord had not paid anyone for the work. We acknowledge that this appears to be a minority view. We nevertheless

---

3. See Anno., Who is the "Owner" within mechanic's Lien Statute Requiring notice of claim, 76 A.L.R. 3d 605; Anno., Enforceability of mechanic's Lien attached to Leasehold Estate against Landlord's Fee, 74 A.L.R. 3d 330. Noone Electric Co. v. Frederick Mall Associates, 278 Md. 54, 359 A. 2d 91 (1976).

think it sound, and consistent with our decisions on the nature of a claim of unjust enrichment."

In addition, as set forth in the amended claim, the lease agreement between Fashion Hosiery and Century III progided that leasehold improvements would become the property of the lessor.

Based upon these considerations, the issue is not whether a mechanic's lien may be filed but the scope of the lien as to the property of Century III.

Section 304, 49 P.S. § 1304, sets forth the method of contesting the scope of a lien claim as follows:

"Where an owner objects that a lien has been claimed against more property than should justly be included therein, the court upon petition may, after hearing by deposition or otherwise, limit the boundaries of the property subject to the lien. Failure to raise this objection preliminarily shall not be a waiver of the right to plead the same as a defense thereafter."

"Property" is defined in 49 P.S. § 1201(2) as follows: "(2) 'Property' means the improvement the land covered thereby and the lot or curtilage appurtenant thereto belonging to the same legal or equitable owner reasonably needed for the general purposes thereof and forming a part of a single business or residential plant."

A claim will not be stricken because it appears to include a larger curtilage than is proper: Architekton, Inc. v. Southeastern Pa. Synod of The Lutheran Church, supra. However, the court may only consider whether the entire mall complex is a "single business" unit within the meaning of "Property" as defined under section 1304. See Northeast Brick Co. v. Street Road Shopping Center, 50 D. & C. 2d 614 (1970).

## Service

Defendants also seek to strike the claim due to defective service of the notice under section 1502(a)(2). Section 1502(c) sets forth the manner of service to conform to assumpsit as follows: "(c) Manner of Service. Service of the notice of filing of claim shall be made by an adult in the same manner as a writ of summons in assumpsit, or if service cannot be so made then by posting upon a conspicuous public part of the improvement."

It is defendants' position that service on Century III Associates by certified mail was insufficient due to the fact that the partnership has a place of business in Allegheny County.

It is clear that, where the action is brought in a proper county under Pa.R.C.P. 2130, service of process on a partner is equivalent to service on the partnership: Pa.R.C.P. 2131(a). Personal service on United States Steel Corporation thus meets the requirements of service on the partnership.[4]

## Specificity

In its bill of particulars, claimant itemizes the services/materials furnished and the cost of each. This is a sufficiently specific statement to comply with 49 P.S. §1503(6). See Hess v. Houtz, 20 Cumberland 2 (1969); Intercoastal Lumber Distributors, Inc. v. Derian, 117 Pa. Superior Ct. 246, 178 Atl. 350 (1935) (substantial compliance with the statute is all that is required).

---

4. Based on claimant's filing as a contractor, and the presumption in favor of the validity of the lien, no formal notice of intention to file a claim is required: 49 P.S. §1503(4).

## Constitutionality

Finally, defendants raise the issue of constitutionality in that a hearing is not required prior to the filing of the claim. This matter has already been considered by the United States District Court for Western Pennsylvania: B & P Development v. Walker, 420 F.Supp. 704 (W.D. Pa. 1976). See also Sweigart v. Rice-Stevens Corp., 38 D. & C. 2d 528 (1965). The lien is not self-executing and serves merely to preserve the claimant's priority.

## SUMMARY

Pursuant to the above discussion, defendants' preliminary objections, except for the scope of the lien, are denied and an appropriate order is attached hereto.

## ORDER

And now, September 4, 1980, upon the preliminary objections of defendant Century III Associates to the mechanic's lien filed by William Westmoreland, plaintiff, and after full consideration of the arguments and briefs of counsel, it is hereby ordered, adjudged and decreed that said preliminary objections are dismissed on all issues except excessive curtilage.

It is further ordered that plaintiff is granted seven days to file the proposed amendments to the claim and defendants are granted 30 days to follow the procedure set forth in section 304 of the Mechanics' Lien Act, including the taking of depositions or, in the alternate, to raise this matter as a defense after a complaint has been filed.