GARY EUGENE HURST *v.* V & M OF VIRGINIA, INC.

ET AL.

[No. 1528, September Term, 1980.]

*Decided September 3, 1981.*

The cause was argued before MOORE, LOWE and MASON, JJ.

*Terrell N. Roberts, III,* for appellant.

*William Francis Xavier Becker* for appellees.

MOORE, J., delivered the opinion of the Court.

Appellant's effort to establish and enforce a mechanic's lien against appellees' interest as tenants in a local shopping center met with defeat when the trial court sustained appellees' demurrer without leave to amend. The narrow

question on appeal is whether the court correctly interpreted the term, "building," in the mechanics' lien law, Md. Real Prop. Code Ann. § 9-102 (a) and § 9-103 (c) (2). We find that it did.

## I

The facts as set forth in appellant's Amended Petition to Establish and Enforce Mechanic's Lien, and exhibits attached thereto, are as follows: The appellees, V & M of Virginia, Inc. and Vincent Arosemena, are tenants for years of approximately 4,100 square feet of basement area in the Bethesda Square Shopping Mall. Appellant, Gary Hurst, contracted with the appellees to furnish labor and materials "to build and construct a restaurant-disco, and to furnish and install all mechanical components for the operation of the restaurant-disco, including but not limited to, electrical, plumbing, heating, air-conditioning and ventilation components."

Work commenced on or about September 19, 1979 and continued until about March 24, 1980. It was alleged that the appellant improved the appellees' property to the extent of $160,323.03 of which $48,823.03 was due and owing. A lien was sought against the appellees' property, improvements and fixtures.

The appellees demurred and argued, *inter alia,* that the appellant's petition failed to state that he had improved the (entire) *building* to the extent of 25 percent of its value within the meaning of § 9-102 (a) of the Real Property Article but merely alleged that the *appellees' property* (within the building) was improved to the extent of 25 percent of its value. When the matter came on for a hearing in the Circuit Court for Montgomery County, it was conceded by appellant's counsel that "[w]e cannot make any allegations that it is more than 25 percent of the value of the Bethesda Square Shopping Mall." In sustaining the demurrer without leave to amend the court stated:

"My conclusion is that to establish a lien on this property you have got to establish that the *building* wherein the work was done was subject to improvement to the extent of 25 percent of the value of the *entire building*. That has not been done and for that reason, I will sustain the demurrer in this case." (Emphasis added.)

The sole issue, in our view, is whether the word "building" as used in the Real Property Article, § 9-102 (a) and § 9-103 (c) (2) means the entire building, or may also encompass a leased portion of a building, as in this case.

## II

Maryland Real Property Code Ann. § 9-102 (a) (1980 Cum.Supp.) provides:

"§ 9-102. Property subject to lien.

(a) Buildings. — Every *building* erected and every *building* repaired, rebuilt, or improved to the extent of 25 percent of its value [1] is subject to establishment of a lien in accordance with this subtitle for the payment of all debts, without regard to the amount, contracted for work done for or about the building and for materials furnished for or about the building, including the drilling and installation of wells to supply water, the construction or installation of any swimming pool, the sodding, seeding or planting in or about the premises of any shrubs, trees, plants, flowers or nursery products, and the grading, filling, landscaping, and paving of the premises." (Emphasis added.)

---

1. *E.G.*, Shacks v. Ford, 128 Md. 287, 97 A. 511 (1916) (bill which sought to establish mechanic's lien for installation of hot-water heating plant failed to allege that the repair or improvement to building was to the extent of one-fourth of its value); Stebbins v. Culbreth, 86 Md. 656, 39 A. 321 (1898) (plaintiff not entitled to mechanic's lien because it was not shown that repair of a hotel's steam-heating apparatus amounted to one-fourth of the hotel's value).

Section 9-103 (c) (2) provides:

> "If a *building* is erected, or repaired, rebuilt or improved to the extent of 25 percent of its value, by a tenant for life or years or by a person employed by the tenant, any lien established in accordance with this subtitle applies only to the extent of the tenant's interest." (Emphasis added.)

We note, initially, that the mechanics' lien law is remedial and is to be construed in the most liberal and comprehensive manner in favor of mechanics and materialmen.[2] *Freeform Pools, Inc. v. Strawbridge Home For Boys, Inc.,* 228 Md. 297, 301, 179 A.2d 683, 684 (1962); *Reisterstown Lumber Co. v. Reeder,* 224 Md. 499, 507, 168 A.2d 385, 389 (1961). However, courts have no power to extend it to cases beyond the obvious designs and plain requirements of the statute, and a mechanic's lien is obtainable only if the requirements of the statute are complied with. *Freeform Pools, supra* at 301, 179 A.2d at 685.

There is no definition of "building" in the lien law and that term has been discussed in only one prior Maryland case on the subject. In *Freeform Pools, supra,* a swimming pool was held not to constitute a "building" and, therefore, a mechanic's lien could not be obtained for the costs of its construction.[3] The Court there quoted dictionary definitions of "building," not here apposite, and went on to state that, "the word 'building' can not be said to include every type of structure on land" and further observed that the mechanics' lien law in Maryland "[had] been repeatedly amended to include specific lienable structures" and that the Legislature "never intended that the law be stretched to include within its scope structures which were not clearly within the defi-

---

**2.** For a history and discussion of Maryland's mechanics' lien law, *see generally* Frank and McManus, *Balancing Almost Two Hundred Years of Economic Policy Against Contemporary Due Process Standards — Mechanics' Liens in Maryland After Barry Properties,* 36 Md.L.Rev. 733 (1977); Cutler and Shapiro, *The Maryland Mechanics' Lien Law — Its Scope and Effect,* 28 Md.L.Rev. 225 (1968); Recent Legislation, 6 U.Balt.L.Rev. 181 (1976).

**3.** The statute (§ 9-102 (a)) was thereafter amended to include "the construction or installation of any swimming pool. . . ."

nition of the items included" such as swimming pools. *Id.* at 301-02, 179 A.2d at 685.

No Maryland case has heretofore addressed the question whether the word "building" includes a leased *portion* of a building or, as in this case, a unit in a shopping mall.[4] The appellant argues that the 25 percent requirement can also refer to a portion of a building and that their leased premises constitutes a "building" under § 9-102 (a) and § 9-103 (c) (2). We disagree.

The word "building" in § 9-102 (a) and § 9-103 (c) (2) is nowhere qualified by appropriate language so as to include a part of a building, *e.g.,* a store in a shopping mall or one or more floors in an office building.[5] In this respect, we find instructive the following observation by the Court of Appeals in *Board of Zoning Appeals v. McKinney,* 174 Md. 551, 199 A. 540 (1938):

> "[W]hen one speaks of a *building,* ordinarily he means the *entire building* and *if he means to refer to but a part of it he indicates by some qualifying words that he refers to less than the whole.* * * * And yet if 'building' means anything less than a whole building, there is no standard to guide the Board in determining how much or how little must be so used as to bring it within the scope of the ordinance." (Emphasis added.)

*Id.* at 567, 199 A. at 547, *cited in* 12 C.J.S. *Building* at 722, n.54 (1980). *See Akers v. Mayor and City Council of Baltimore,* 179 Md. 448, 451-52, 20 A.2d 181, 183 (1941); *cf.*

---

**4.** The recent case of *Noone Electric Co. v. Frederick Mall Associates,* 278 Md. 54, 359 A.2d 91 (1976), though involving work performed and materials supplied to stores situated within shopping centers, did not address the question presented here. That case did make it abundantly clear, however, that a lien can attach only to whatever interest or estate is held by the person liable for the costs of construction or improvement and that a lien against a tenant's interest does not reach the reversionary interest of the lessor-owner. *See* Caplan Bros. v. The Village of Cross Keys, Inc., 277 Md. 41, 353 A.2d 237 (1976).

**5.** We note that under the Horizontal Property Act, Real Prop. Art., § 11-115, it is specifically provided that mechanics' and materialmen's liens for repairs or improvements of a condominium unit by a unit owner are liens only against the unit.

*Ambrose & Co. v. Hutchison,* 356 S.W.2d 215 (Tex.Civ.App. 1962) (pier was a "building" within mechanics' lien statute). If the General Assembly intended to include a part of a building in the lien law, the words, "building or any part thereof," could have been employed. They were not.

Nor can we read into § 9-103 (c) (2) an interpretation of the word "building" which is at variance with its plain and common usage in § 9-102 (a). Although § 9-103 (c) (2) states that, "any lien established in accordance with this subtitle applies only to the extent of the *tenant's interest"* (emphasis added), the application of that section is subject to a condition precedent (also found in § 9-102 (a)), *viz.,* that a *building* be repaired, rebuilt or improved to the extent of 25 percent of *its* value.

The order of Judge Cahoon sustaining appellees' demurrer without leave to amend was proper. We find no error in his interpretation of the statute.

> *Order affirmed; costs to be paid by appellant.*