**Thomas BROWNE, Appellant,**

v.

**GENERAL ELECTRIC COMPANY, Inc., Appellee.**

**No. 14459.**

Court of Civil Appeals of Texas.

San Antonio.

April 27, 1966.

Rehearing Denied May 25, 1966.

Fred Clark, Hubert W. Green, Jr., San Antonio, for appellant.

Beckmann, Stanard, Wood & Vance, Melvin A. Krenek, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted in County Court at Law No. 1 of Bexar County, Texas, in the nature of a bill of review by General Electric Company, Inc., against Thomas Browne, seeking to set aside a final judgment rendered in that Court on February 11, 1964.

The cause was transferred to and tried in the County Civil Court at Law of Bexar County. The bill of review was granted, the final judgment set aside, and judgment rendered in favor of General Electric Company, Inc., that Thomas Browne recover nothing against it, from which judgment Thomas Browne has prosecuted this appeal.

■ Appellee presents the following counterpoint:

"The Trial Court did not err in setting aside the judgment in Cause No. 55,110 because the evidence conclusively shows, and the Trial Court so found that the failure of G. E. to appear and present its defenses in the original suit was not intentional or the result of conscious indifference, that G. E. was misled or prevented from filing a motion for new trial by misinformation of an officer of the Court, acting within her official duties and this misinformation was given to counsel for G. E. within the ten-day period for filing the motion for new trial in time, that G. E. had a meritorious defense and no injury did result to Browne by the granting of the Bill of Review."

We sustain this counterpoint.

The trial judge filed his findings of fact and conclusions of law which are not challenged in any way by appellant. They read as follows:

"1. Cause No. 55,110 styled Thomas Browne vs. General Electric Co., Inc. was duly and regularly set for trial on the merits at 9:00 o'clock A.M.

2. Defendant had due notice of this setting.

3. Prior to 9:00 o'clock A.M. Defendant's Counsel personally appeared at the County Court at Law No. 1 and inquired of the Clerk of the whereabouts of Plaintiff's Counsel and apprised the Clerk of his whereabouts in the Courthouse.

4. The cause was duly and regularly called for trial, at which time came the Plaintiff in person and by his attorney of record, but Defendant's Counsel was not present and the Court proceeded to hear evidence as to damages only and rendered judgment for Plaintiff for the sum of $668.82 together with interest and costs, which judgment was signed on the same day.

5. Sometime after 9:00 o'clock A.M. and in the morning of said day, Defendant's Counsel was advised by the Clerk of the Court that no action had been or was to be taken by the Court in said cause.

"The Court Concludes:

A) The Clerk had no official duty to seek out Defendant's Counsel or apprise the Judge of Counsel's whereabouts at the time of the docket call and hearing. The Clerk was acting as the agent of Counsel at the time set out in 3, supra.

B) The Clerk did have an official duty to apprise correctly Counsel for Defendant upon his inquiry of the Court's action set out in 4, supra, at the time set out in 5, supra.

C) Therefore, Defendant, without negligence, was deprived of its right to file motion to set aside the judgment and/or for new trial within the time provided therefor, and accordingly should be afforded the right to reopen the judgment.

"Having considered the pleadings and evidence on the merits, the Court finds:

1. General Electric Company discharged its burden of proof in showing a meritorious defense to the original Cause of Action.

2. Thomas Browne failed to discharge his burden of proof in showing negligence on the part of any of the agents, servants and employees of General Electric Company which proximately caused damages, if any.

"The Court concludes:

A) Judgment should be entered that the Judgment signed on February 11, 1964, be set aside, Thomas Browne take nothing, and General Electric Company, Inc., recover costs of court."

We are well aware of the rule laid down in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, reading as follows:

"Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. Garcia et al. v. Ramos et al., Tex.Civ. App., 208 S.W.2d 111, er. ref."

However, this rule has been modified in Hanks v. Rosser, Tex., 378 S.W.2d 31, by the following rule:

"The controlling facts under these circumstances are: (1) whether the failure to file the answer was either intentional or the result of conscious indifference. Craddock v. Sunshine Bus Lines, supra (134 Tex. 388, 133 S.W.2d 124 (1939); (2) whether Hanks was misinformed by the clerk within the time for filing the motion for new trial, and (3) was thus prevented from filing, or misled into not filing, his motion in time; (4) whether Hanks had a meritorious defense; and (5) whether the plaintiff Rosser would not be caused to suffer injury by the granting of the bill of review."

The trial court has found that appellee, without negligence on its part, has been deprived of its right to file a motion for new trial, and therefore is entitled to have the judgment of Feb. 11, 1964, set aside. This finding is not challenged in any way and must be accepted by us as correct. Accordingly, the judgment of the trial court is affirmed.