Consuelo ANAYA et al., Appellants,

v.

Amador ESTRADA et ux., Appellees.

No. 6048.

Court of Civil Appeals of Texas.

El Paso.

Oct. 29, 1969.

Rehearing Denied Nov. 26, 1969.

Joseph J. Rey, Jr., El Paso, for appellants.

Kerr, Fitz-Gerald & Kerr, Ted M. Kerr, Midland, William H. Earney, Marfa, for appellees.

## OPINION

FRASER, Chief Justice.

The nature of the suit and result of the case are substantially as follows:

This suit was filed by the appellants, Consuelo Anaya, et al., as plaintiffs, against the appellees, Amador Estrada and wife, Zeferina, as defendants. It involves 640 acres described as Survey 516, Certificate 344, T. C. Ry. Co., Grantee, on the Rio Grande River, in Presidio County, Texas. The plaintiffs' petition contained two counts, one for cancellation of a 1945 deed executed by the appellants in favor of the appellee Amador Estrada, and one count in trespass to try title to the lands covered by such deed. Appellees answered by a general denial, plea of not guilty and by

pleading the 3, 5 and 10 year statutes of limitation. After a trial before the District Court of Presidio County, without the intervention of a jury, and after written briefs were submitted by the respective parties, the trial court rendered judgment that appellants take nothing against appellees and denied appellants any relief against appellees. The appellants and appellees do not read, write or speak the English language.

Jesus Estrada was the father (or grandfather) of all of the real parties in this lawsuit, and died intestate in the year 1928. At the time of his death, all of the children lived upon the land in question. Following his death all of the children moved off the land with the exception of Amador Estrada. The record shows some testimony that Amador Estrada ordered his brothers and sisters off the land shortly after the death of Jesus Estrada. The record also reveals that Amador Estrada received information that the land might well be lost by virtue of non-payment of the interest on the state land debt. Accordingly, Estrada began to pay the interest and brought it up to a current status and has maintained these interest payments to the State of Texas in current status up to and including the date of trial. Amador Estrada also paid the ad valorem taxes assessed against the land for every year since 1930 and has maintained the taxes in a current status for each year since 1945. Amador Estrada and his family, according to the record, have continuously lived on the land and made the land their home. He has improved the land by construction of dikes and levees and through leveling portions for farming. Further, he has dug a water well, built a home, and continuously farmed the land since 1930. The record shows that Amador Estrada considered himself as the one entitled to own the land because of his belief that it had been lost prior to 1930 because of failure to pay the state land debt, and that, as the result of his having paid such debt, he was the person entitled to the land.

On December 27, 1944, appellants filed suit in the District Court of Presidio County against Amador Estrada claiming that he had failed and refused to account to appellants for their respective shares of cotton and other crops grown on the land in question. Shortly after citation in said cause was served on him, Amador Estrada, in the company of his employer, went to the office of a firm of attorneys in Marfa, Texas, and received from said attorneys a deed dated January 17, 1945 signed by appellants. This deed conveyed to Amador Estrada all of the interest of the appellants in and to the land in question, and was duly recorded in the deed records of Presidio County, Texas. Appellants seek to cancel this deed. In July 1945 the suit filed in 1944 was dismissed on motion of the appellants. Following these events of 1944 and 1945, Amador Estrada continued to improve the land and pay the taxes and state land debt interest thereon, and continued to use and claim the land as his own and made it his home. The record does not show that the appellants ever paid or offered to pay any sum of taxes, improvements or for the land debts, nor were there any discussions between appellants and Amador Estrada between 1945 and 1966 about appellants' claim to the land or the division of the same.

In 1966, one of the appellants asked Amador Estrada to divide the land between his brothers and sisters, and upon his refusal, suit was filed in 1966. Examination of the pleadings reveals that appellants went to trial on same and stated that the 1945 deed should be canceled because of an alleged oral trust or oral agreement between Amador Estrada and appellants. The pleadings do not attack the deed for lack, or failure, of consideration.

After the entry of judgment in favor of appellees, appellants requested the court to file its findings of fact and conclusions of law. This the court did. Generally stated, the court found and concluded that plaintiffs had failed to prove their case; that

no confidential or fiduciary relationships existed between said parties, nor did any oral trust or constructive trust exist between said parties. That Amador Estrada had acquired title to the land under and by virtue of the deed executed by appellants, and that he had obtained and held title under and by virtue of each of the 3, 5 and 10 year statutes of limitation. The record does not show that appellants made any objections to such findings of fact and conclusions of law by the court, or that they made any request for additional or amended findings or conclusions.

■ Appellants' Point of Error No. 1 reads as follows: "The Court erred in entering judgment for Appellee as evidence was so overwhelming in favor of Appellants; that the judgment was clearly so contrary to the preponderance of the evidence introduced at the trial." We do not find that this assignment complies with Rule 418, Texas Rules of Civil Procedure, because it does not direct the attention of the court to any error, and is so general as to encompass any and every error which the trial court could have committed, and as such is without meaningful value. McWilliams v. Muse, 157 Tex. 109, 300 S.W. 2d 643 (Tex.S.Ct.1957); Pleasant Grove Builders, Inc. v. Phillips, 355 S.W.2d 818 (Dallas Tex.Civ.App.1962, ref. n. r. e.). This point is accordingly overruled.

■ Appellants' second point charges as follows: "The Court erred in rendering verdict in favor of the Appellee because the evidence was so overwhelming that the condition in the deed dated January 17, 1945 which was based upon a condition which to date has not been fulfilled, and the same was admitted as being unfulfilled by the appellee, so as to be unconscionable and against the greater weight of the evidence." This allegation of failure of consideration was not pleaded, and in view of the fact that appellants did not make any request for additional findings concerning failure of consideration, we do not believe that this point contains any

matter upon which relief can be granted to the appellants. Edwards v. Strong, 145 Tex. 155, 213 S.W.2d 979 at page 980 (Tex.S.Ct.1948). Appellants' brief urges that the evidence established an oral trust under which Amador Estrada was to hold the land in question until such time as he could sell it, and then divide the proceeds of sale between his brothers and sisters. Amador Estrada denied such trust, and the trial judge found that such an oral agreement or trust never existed. The 1945 deed itself reflects an outright conveyance of the land in question to Amador Estrada without mention or implication of a trust. There is no evidence of a confidential or fiduciary relationship existing before and apart from the purported agreement made the basis of this suit, and in the absence of such evidence no constructive trust could be grafted on to the deed. Thigpen v. Locke, 363 S.W.2d 247 (Tex.S.Ct.1962). Of course the burden of proving a confidential relationship is upon the plaintiffs, and in the opinion of the trial judge they failed to sustain such burden, the only evidence set forth being that they were brothers and sisters and had been to some extent on a friendly basis. This does not meet the terms of a fiduciary or confidential relationship. Such is not created by a relationship such as being brother and sister. Further, the deed sets forth a contractual or promissory consideration which states that the consideration for the deed is $1,672.72 "Paid or to be paid" by Amador Estrada to the appellants, and it further recites that the "land is being sold on a patented basis and the debt to the State of Texas shall be paid before any sum shall be due any grantee", which of course means any of the appellants. These provisions constitute an executory agreement or promise to do something in the future, and again it is well settled that parol evidence cannot be introduced to establish an oral trust when to do so contradicts the terms of a written instrument containing a contractual consideration. Kidd v. Young, 144 Tex. 322, 190 S.W.2d 65 (Tex.S.Ct.1945). We find no merit in appellants' position that the

executory portion of the 1945 deed had not been met, and therefore the deed should be rescinded. The executory portion does not say that, and according to its terms appellants are entitled to nothing until Amador Estrada pays off the State debt, which he has not done, and no time limit is placed on such provision. Further, we do not believe that appellants' pleadings are sufficient to support such argument. Lastly, it is clear that Amador Estrada and his family have lived upon and improved the land in question since 1930, and have paid the interest on the state debt and the ad valorem taxes since 1930, including the years 1944 and 1945, and up to the date of this trial. The court found that by virtue of the record and the activities of Amador Estrada, he and his wife had obtained title to the land under the 3, 5 and 10 year statutes of limitation. These findings were not challenged in court and, in our opinion, of themselves constitute an independent ground of recovery and defense on the part of the appellees. The adverse possession findings have not been questioned and they, standing alone, would entitle appellees to recover under the judgment which the trial court entered. The appellants not having challenged these findings by assignments of error that they are not supported by evidence, the trial court's findings of fact and conclusions of law relating to adverse possession must be accepted by this court as correct, and the judgment affirmed. Browne v. General Electric Company, 402 S.W.2d 957 (San Antonio Tex. Civ.App., 1966, err. dism.); Laredo Brick Company v. Urdiales, 263 S.W.2d 332 (San Antonio Tex.Civ.App., 1953, n. w. h.).

For the reasons set forth above, the appellants' two points of error are overruled and the judgment of the trial court is affirmed.