**Jo Anna R. KASPAR, Appellant,**

v.

**COCKRELL–RIGGINS LIGHTING COMPANY, Appellee.**

No. 4677.

Court of Civil Appeals of Texas, Eastland.

April 26, 1974.

Ernest E. Figari, Jr., Robert M. Roller, Laurel A. Bates, Dallas, for appellant.

Matthews & Matthews, Jay J. Madrid, Dallas, for appellee.

McCLOUD, Chief Justice.

Plaintiff, Cockrell-Riggins Lighting Company, sought foreclosure of an alleged preferential statutory materialman's lien on certain items furnished by plaintiff to a general contractor who used the materials in the construction of an apartment complex owned at the time of trial by defendant, Jo Anna R. Kaspar. The items consisted of lighting fixtures, cabinets, chimes, buttons, mail boxes and lamps. Prior to plaintiff selling the items in question to the contractor, the First National Bank in Dallas filed a deed of trust lien covering the realty to secure the payment of a loan made to the owner. The owner defaulted and the bank foreclosed its lien. The bank then sold the realty to defendant.

In answer to three special issues the jury found that the materials furnished by plaintiff were capable of being removed without any material physical damage to the buildings; that such materials had not been removed from the apartment complex; but, that the materials furnished by plaintiff could not be identified and segregated from like items purchased from suppliers other than plaintiff.

The trial court disregarded the finding that the items furnished by plaintiff could not be identified and segregated from like items purchased from suppliers other than plaintiff, and entered judgment establishing and foreclosing a statutory materialman's lien on the items plaintiff furnished. Defendant, Kaspar, has appealed. We reverse and render.

Defendant argues the court erred in disregarding the jury's answer to Special Issue No. 3 which was not objected to by plaintiff and reads as follows:

"SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence that the lighting fixtures,

cabinets, chimes, buttons, mail boxes and lamps identified in Plaintiff's Exhibit No. 1 cannot be identified and segregated from other like items which were purchased from other suppliers than the Plaintiff?

Answer: 'THEY CAN' or 'THEY CANNOT.'

ANSWER: CANNOT"

Plaintiff contends the court properly disregarded the issue and answer because identification of the materials in question was not required. Plaintiff says it was only required to establish that the items furnished could be removed without material damage to the buildings.

The bank's deed of trust lien was prior in time to plaintiff's materialman's lien. Section 1 of Article 5459, Vernon's Ann. Civ.Stat., however, gives to a materialman's lien claimant a preference lien on improvements over prior liens provided such prior liens "shall not be affected thereby." An excellent discussion of Article 5459 is found in 40 Tex.Law Review, page 872, Priority of Mechanics' and Materialmen's Liens in Texas, wherein the author, Tully R. Florey, III, states:

"In discussing the effect of article 5459 on the situation where there is an earlier lien on the land and a subsequent mechanics' lien on the building or improvements, the cases fall into two categories:

(1) Where the building or improvement is severable, a mechanics' lien may exist on such building or improvement independently of any prior lien on the land; and the mechanics' lien holder may have such building or improvement sold separately, provided this can be done without materially affecting the rights of other interested parties. Where the improvements can be sold separately, they are not treated as part of the realty, but are treated as if made under a contract for removal. This rule has been applied to improvements such

as pumps fastened to beds of concrete but removable without injury to the land; a cotton house located near to, but not connected with a cotton gin; a ticket booth, speaker stands, and screen at a drive-in theater; and even to a rock house which the mechanics' lien claimant had constructed.

(2) Where the nature of the improvement is such that it is merged in and becomes a part of the building or structure improved, e. g., painting and plastering, roof repairs, or window frames, the subsequently accruing mechanics' liens will not be given priority over the existing lien on the property and building. *If the nature of the repairs or improvements is such that they can be removed without damage to the building the mechanics' liens may be asserted if the material can be so identified as to segregate it from materials supplied by others,* as for example, plumbing fixtures, chandeliers, and air conditioning window units. The theory that applies to repairs to encumbered existing buildings also applies to the erection of new buildings or improvements where the severance and removal of such buildings or improvements would materially injure the realty." (emphasis added)

We think the court in McCallen v. Mogul Producing & Refining Company, 257 S.W. 918 (Tex.Civ.App.—Galveston, 1923, writ dism.) correctly stated the rule to be followed when the issue of identification is raised. In that case a lumber company sought to establish and foreclose a preference lien on materials it had furnished for use in construction of a building and while denying enforcement of the alleged preference lien the court said:

". . . The evidence failed to show any such identification of the materials it had furnished as made them at the time of the trial susceptible of segregation from those supplied by others, with the exception of some roofing and win-

dow frames, and these either so went into the repair and improvement of structures already on the premises when the lumber company made its contract, or otherwise where utilized in such manner thereon, that they could not be detached without injury to the freehold . . ."

See also Cisco Banking Company v. Keystone Pipe & Supply Company, 277 S.W. 1060 (Tex.Com.App.1925).

The record in the instant case reflects that the quantity of materials furnished by plaintiff would equip only a part of the apartments constructed and similar materials were purchased by defendant from other suppliers. The fixtures in question had no identifying serial numbers. The defendant testified that in her opinion a person could not pick out which fixtures were sold by plaintiff and which were not. The record does not properly disclose which apartment units contained the items furnished by plaintiff.

The jury found in answer to Special Issue No. 3 that the items furnished by plaintiff could not be identified and segregated from like items purchased from suppliers other than plaintiff. There was evidence to support the jury's finding and we do not think the issue was immaterial.

We hold the court erred in disregarding the answer to Special Issue No. 3.

The judgment of the trial court is reversed and judgment is rendered for defendant.