**FIRST CONTINENTAL REAL ESTATE INVESTMENT TRUST, Appellant,**

v.

**CONTINENTAL STEEL CO. et al., Appellees.**

No. 17941.

Court of Civil Appeals of Texas, Fort Worth.

June 8, 1978.

Rehearing Denied July 27, 1978.

Passman, Jones, Andrews, Coplin, Holley & Co., and Gerald R. Coplin, Dallas, for appellant.

Geary, Stahl, Koons, Rohde & Spencer and D. Ronald Reneker, Dallas, for appellee, Continental Steel Co.

Margraves, Kennerly & Schueler and Stephen W. Schueler, Houston, for appellee, Flintkote Supply Co.

James H. Cummings, Dallas, for appellee, Freeway Ready Mix, Inc.

Odom & Gwynn and G. Scott Odom, Dallas, for appellee, Jackson Concrete, Inc.

Coke & Coke and Robert M. Roller, Dallas, for appellee, Krestmark Industries, Inc.

Tucker, Gano, Alexander & Cochran and John H. Cochran, Dallas, for appellee, Sharp & Son, Inc.

John Emmett, Dallas, for appellee, Wilcher-Moore Lumber Co.

## OPINION

HUGHES, Justice.

Continental Steel Company (Steel) sued H.E.M. Building Corporation (HEM), First Continental Real Estate Investment Trust (Trust) and Billy Scott Stanfield to foreclose a materialman's lien on real estate composed of 15 lots in Lewisville, Texas. Numerous interventions and joinders increased the parties to 13. At issue is the priority of the liens of seven materialmen (all plaintiff-appellees) as compared to Trust's deed of trust lien and alleged subrogated vendor's lien.

By stipulation it was agreed to non-suit the home owners involved, plaintiffs to forego lien foreclosures on individual homes and agreeing to sue for money judgments against Trust and HEM to the extent plaintiffs mechanic's and materialman's liens could be proven valid and superior to deed of trust liens in favor of Trust and if any part of Trust's debt is found to be secured by vendor's lien, then to the extent that Trust received consideration at a proper foreclosure sale on that vendor's lien in excess of the amount of its debt secured by such vendor's lien, if any.

This left Steel, Flintkote Supply Company, Wilcher-Moore Lumber Company, Jackson Concrete, Inc., Sharp and Son, Inc., Freeway Ready Mix, Inc., and Krestmark Industries, Inc., as plaintiffs aligned against HEM and Trust as defendants.

The case was tried to the court without a jury and resulted in the court rendering money judgments for all the plaintiffs against both of the defendants. HEM, which defaulted, did not appeal. Trust has perfected its appeal from such judgment.

We affirm in part and reverse and render in part.

Trust claims to be equitably subrogated to vendor's lien rights formerly held by HEM's predecessors in title and by a bank mortgagee holding a second vendor's lien and purchase money mortgage deed of trust. It therefore claims a superior lien to all plaintiffs and that trial court erred in finding plaintiffs' mechanic's and materialmen's liens superior to any liens of Trust.

Trust urges in Point of Error number 1 that trial court should have found its liens

superior to the plaintiff's liens under the doctrine of equitable subrogation. Steel contends Point of Error number 1 was waived because Trust did not request, and the trial court did not make, any findings of fact respecting the defense of equitable subrogation. In its brief Trust claims subrogation by reason of funds it had advanced for HEM which paid off and got a release for purchase money owed on the land by HEM, even though the lien was not transferred to it by any written instrument.

We were cited *Skeen v. Slavik,* 555 S.W.2d 516, 520 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.) by Trust to the effect that where, in a case, "the evidence establishes as a matter of law facts inconsistent with the judgment" the presumption of all fact findings in favor of the judgment must be overturned. This concerned a situation where there was absent a jury verdict or any express finding of fact and conclusions of law by the trial court, as in the instant case. In *Skeen, supra,* admissions of the appellees that they were charging fees solely as compensation for the service of lending money, at what was indisputably usury, established usury. In the case at hand there are no such admissions from appellees setting up Trust's claim of equitable subrogation, nor are there facts "indisputably established by the record" to establish same.

█ We agree with Steel that equitable subrogation is an affirmative defense as alleged by Trust. It had the burden of proving such affirmative defense. *Bradley v. Freeman,* 163 S.W.2d 693 (Tex.Civ.App.—Amarillo 1942, no writ).

█ Since the record shows no specific request for or findings of fact on equitable subrogation and that trust did not request additional findings, we hold that such defense was waived for purposes of appeal. *Gasperson v. Madill National Bank,* 455 S.W.2d 381 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.). We overrule Point of Error number 1.

**APPELLEE, CONTINENTAL STEEL**

█ The essence of Trust's Point of Error number 2 is that the steel material delivered by Steel was not proven to be *incorporated into the work* (emphasis ours) and visible before July 9, 1974, when, at 1:10 p. m., Trust filed its deed of trust. *Blaylock v. Dollar Inns of America, Inc.,* 548 S.W.2d 924 (Tex.Civ.App.—Tyler 1977, writ granted). We disagree with Trust's interpretation of *Blaylock* to the effect that until materials are incorporated into the work under Tex.Rev.Civ.Stat.Ann. art. 5452 (Supp.1978), for the purposes of the mechanic's lien statutes they would not even be considered materials. The court in *Blaylock* at page 930 lists four basic criteria under Tex.Rev.Civ.Stat.Ann. art. 5452 (Supp.1978), upon which to determine inception date of a mechanic's lien. They are listed alternatively from each other by "or". One of the criteria, which we hold to be present in this case, is:

"(2) The delivery of materials to the land upon which improvements are to be located for use thereon provided such material is actually visible from an inspection of the land."

█ Trial court found that: Steel and HEM entered into a contract for Steel to furnish steel building material to HEM to be incorporated into the property; Steel made a delivery of steel building materials ordered by HEM to each of the lots in the property before 1:10 p.m. on July 9, 1974; such materials were visible on each lot by inspection before July 9, 1974 at 1:10 p.m.; such materials were incorporated into the property improvements; and Trust recorded the deeds of trust on the property at 1:10 P.M. on July 9, 1974.

Trial court had ample testimony to support its findings of fact and we must accept them. *Arlington Acceptance Corporation v. Taylor,* 426 S.W.2d 567 (Tex.Civ.App.—Fort Worth 1968, no writ).

Point of Error number 2 is overruled.

█ We overrule Point of Error number 3 which was one complaining of the trial court's overruling an objection to a leading

question. The question involved was leading (and suggestive), but its answer was cumulative of other evidence establishing the time of delivery of the materials.

■ Point of Error number 4 avers that Lot 8, Block B remained unimproved during all times relative to this dispute. Examination of the record reveals some testimony which controverts Billy Scott Stanfield, in his answer of "No" to the question "Was there any improvement on block B lot 8 at that time?" This question and answer covered the period of 20 or 30 days before trial and was what Trust relied on in this Point of Error.

There is testimony that:

Fifteen houses were to be built on the property; HEM ordered steel for 15 houses from Steel; Fred Gerson, HEM purchasing agent, ordered the steel, but "couldn't swear" that Steel delivered steel for all the 15 houses that were being built, and he did see steel material at the job site. He also said the building materials furnished by Steel were incorporated into the work.

Also, it was stipulated by the parties that the property in question was made up of 15 lots, clearly the only lots in the case.

We hold that trial court had sufficient testimony for an issue. Trial court resolved it in favor of Steel. We have to sustain the trial court's finding if any evidence supports it. *Hous. Authority, etc. v. State ex rel. Velasquez,* 539 S.W.2d 911 (Tex.Civ. App.—Corpus Christi 1976, writ ref'd n.r.e.).

Point of Error number 4 overruled.

## APPELLEE, FLINTKOTE

Trust avers that the trial court erred in holding Flintkote's lien on all the lots had its inception when Flintkote first delivered materials to any one of such lots. Flintkote claims that the lots were treated as one property and that the lien attached to all as of the first incipiency.

Trial Court's finding of fact number 29 found that: The lots comprising the property were treated as a unit by owner HEM and by Trust. Finding of fact number 30

found that materials furnished by Flintkote were purchased by HEM from Flintkote for all lots comprising the property as one transaction. These findings were uncontested by Trust. Trust did not object or except to them when made and did not request any findings contrary to or different from such findings.

Conclusion of law number 9 was based on the above findings (29 and 30) and held that the lots comprising the property were treated as one unit and that Flintkote's lien had its inception on the date of its first delivery which was before recordation date of the deed of trust.

The findings and conclusions are supported by the testimony that the houses were all in one area; that HEM instructed its purchasing agent to buy material for all the houses on the property "as one entire project", being the usual course of business. Also, there was the testimony of Trust's employees, Stargel and Conger, that the project was treated as one transaction. We must accept these unchallenged findings of fact as correct. *Browne v. General Electric Company,* 402 S.W.2d 957 (Tex.Civ.App.— San Antonio 1966, writ dism'd); *Whitten v. Alling & Cory Company,* 526 S.W.2d 245 (Tex.Civ.App.—Tyler 1975, writ ref'd).

■ We hold that trial court had sufficient evidence to find Flintkote's lien extended to all lots comprising the property and had its inception before the recordation of trust's deed of trust. *Lyon v. Logan,* 68 Tex. 521, 5 S.W. 72 (1887). *Habitat v. McKanna,* 523 S.W.2d 787 (Tex.Civ.App.— Eastland 1974, no writ). Since a *mechanic's lien is but one legal right* and a portion of the lien was established before the deed of trust was filed the entire lien has the same priority. *University Savings and L. Ass'n v. Security Lumber Co.,* 423 S.W.2d 287 (Tex.1967).

We overrule points of error numbers 5, 6 and 7.

## APPELLEE, KRESTMARK

■ It is undisputed that Krestmark made its first delivery of material to the

lots in question on July 20, 1974, after the deed of trust was filed on July 9, 1974. Error is urged by Trust that Krestmark's lien inception date should have been found by the trial court as of July 20, 1974, not back to the first delivery by Steel in June. Since Krestmark's dealings were with the owner (HEM) and not through a general contractor under a general contract, we agree that the inception of its lien was eleven days after the deed of trust lien was filed. *McConnell v. Mortgage Investment Co. of El Paso,* 157 Tex. 572, 305 S.W.2d 280 (1957); *Regold Manufacturing Company v. Maccabees,* 348 S.W.2d 864 (Tex.Civ.App.— Fort Worth 1961, writ ref'd n.r.e.).

We sustain point of error number 8.

█ However, we hold that the trial court had sufficient evidence before it to conclude that the materials furnished by Krestmark could be removed without material injury to the land and pre-existing improvements or to the improvements themselves. *First National Bank in Dallas v. Whirlpool Corp.,* 517 S.W.2d 262 (Tex.1974). Testimony adduced reflected: windows and doors furnished by Krestmark could be removed by taking out the brick around them with no ultimate damage to the brick or windows; the trim around the doors could be removed without ultimate damage; both brick and trim could be replaced without material damage. We overrule point of error number 9, which, in effect, obviates our ruling on point of error number 8.

We come to Trust's claim of trial court error in holding Krestmark's lien valid, when it failed to give mandatory notice required by Tex.Rev.Civ.Stat.Ann. art. 5453 (Supp.1978), (sending two copies of affidavit by original contractor claiming a lien by registered or certified mail to the owner).

█ We conclude trial court had sufficient evidence of compliance with this rule in light of Tex.Rev.Civ.Stat.Ann. art. 5456(1) (Supp.1978), which provides for delivery in person to the party or his agent instead of written notice "irrespective of other methods of notice or communications herein provided."

In this case, Fred Gerson was concluded by the trial court to be an agent of HEM. This conclusion was not attacked on appeal. Bob Wolf testified to delivering copies of the required affidavit to Fred Gerson (along with the invoices) within 120 days from the 10th of the month next following the last delivery of materials. We overrule point of error number 10.

### APPELLEES, FREEWAY, JACKSON, WILCHER AND SHARP

We sustain points of error numbers 11, 13 and 16. Freeway's first delivery to property was July 11, 1974. Jackson's first delivery to property was July 20, 1974. Wilcher's first delivery to property was July 24, 1974. All were after the July 9, 1974 deed of trust recordation. Our reasons are stated in point of error number 8.

We sustain points of error numbers 12, 14 and 18 because Freeway, Jackson and Sharp failed to give the mandatory notice to HEM required by Tex.Rev.Civ.Stat.Ann. art. 5453 (Supp.1978). *Yeager Elec. & Plumb. v. Ingleside Cove L. & B.,* 526 S.W.2d 738 (Tex.Civ.App.—Corpus Christi 1975, no writ).

### APPELLEE, WILCHER–MOORE

Point of error number 17 is sustained for the reason that Wilcher claimed a lien on Lot 41, Block A, because *there is no evidence that* such lot is involved in this case.

### APPELLEE, JACKSON

We sustain point of error number 15 because Jackson did not have pleadings on which a judgment could be based. *Carreon v. Texas St. Dept. of Public Welfare,* 537 S.W.2d 345 (Tex.Civ.App.—San Antonio 1976, no writ).

### APPELLEE, SHARP

Point of error number 19 is sustained because the evidence introduced by Sharp showed its lien affidavits filed on January 15, 1975 which was 151 days after Sharp evidenced its last delivery on July 22, 1974.

We affirm the judgment of the trial court insofar as it applies to HEM.

**48**

We affirm the judgment of the trial court with respect to its rendition against Trust and for Steel, Flintkote and Krestmark.

We reverse the judgment of the trial court insofar as it renders against Trust and for Wilcher, Jackson, Sharp and Freeway. We render judgment for Trust that Wilcher, Jackson, Sharp and Freeway take nothing in their claims against it.