**In the Matter of John JAMAIL and John Jamail Builders, Inc., Debtors.**

**SUBURBAN HOMES LUMBER COMPANY et al., Plaintiffs,**

v.

**LOMAS & NETTLETON FINANCIAL CORPORATION et al., Defendants.**

Civ. A. No. H–78–2210.

United States District Court,
S. D. Texas,
Houston Division.

June 12, 1979.

Liddell, Sapp, Zivley & Brown, Charles H. Waters, Jr., Houston, Tex., for plaintiffs.

Locke, Purnell, Boren, Laney & Neely, Larry M. Lesh, Dallas, Tex., for defendants.

## MEMORANDUM AND ORDER

STERLING, District Judge.

This case is before the court on appeal from the decision of Bankruptcy Judge John R. Blinn issued on September 29, 1978. Reference to that decision is made for a detailed review of the history and facts of this case.

The dispute in this case is one of priority between mechanic and materialman's lienholders and a deed of trust lienholder. Suburban Homes Lumber Company (Suburban) and Merliss, Jones & Robinson (Merliss) assert that their statutory mechanic and materialman's liens grant them priority, as to the land and as to materials provided for construction, over the deed of trust lien held by Lomas & Nettleton Financial Corporation (Lomas). The subjects of these liens are three apartment projects, Westchester, Bateswood III, and Castle Court, owned by John Jamail and John Jamail Builders, Inc. (Jamail). Jamail defaulted on the construction loan note, and Lomas foreclosed on the properties. Suburban and Merliss asserted their materialman's liens. Jamail filed a Chapter XI proceeding, and the matter of priority between the liens was put before the Bankruptcy Judge. Judge Blinn held the materialman's liens did not have priority over the deed of trust lien, and that Suburban did not have a right to unincorporated materials and incorporated removable materials because of its failure to segregate and identify such materials as coming from Suburban. The court is of the opinion that such decision should be affirmed.

■ The initial issue before the Bankruptcy Judge was the date of the inception of the materialman's liens. Pursuant to Tex.Rev.Civ.Stat.Ann. 5459, § 2, a materialman's lien relates back from the date of filing to the date of commencement of construction. The Bankruptcy Court, having the benefit of a recent Texas Supreme Court case delineating the scope of the statutory phrase "commencement of construction" held that the activities performed on the projects prior to the filing of the Lomas deeds of trust were merely preliminary tasks not measuring up to the test enunciated for pinpointing the date of the inception of the materialman's lien. See *Diversified Mortgage Investors v. Lloyd D. Blaylock General Contractor, Inc., et al.,* 576 S.W.2d 794 (Tex.1978). The Texas Supreme Court in *Diversified* explained that the actual commencement of construction of a building means, in most circumstances, work entailing the excavation for or the laying of the foundation. Work done prior to or in preparation for such excavation does not constitute the type of activity that would give rise to the inception of the lien. After considering the evidence, this court is of the opinion that the activities performed by Suburban and Merliss on each of the projects prior to the filing of the deeds of trust, respectively on each project, did not constitute work of such substantial nature, under the *Diversified* standard, as to give rise to the inception of the materialman's lien. Therefore the Lomas deeds of trust have priority over the Suburban and Merliss liens.

■ The next question to be resolved involves only Suburban, as it was the only provider of materials, and Lomas. Suburban asserts that it has a preferential lien pursuant to Tex.Rev.Civ.Stat.Ann. 5459, § 1 over materials delivered but unincorporated into the buildings and over materials incorporated and removable from the buildings. It has been resolved as a matter of law that a materialman's lien upon improvements is superior to a prior recorded deed of trust lien where the improvements can be removed without injury to the land, the building, or to the improvements themselves. *First National Bank in Dallas v. Whirlpool Corp.,* 517 S.W.2d 262 (Tex.1974). This preference extends to material delivered but yet unincorporated into the structure. *First Continental Real Estate Investment Trust v. Continental Steel Co.,* 569 S.W.2d 42 (Tex.Civ.App.—Ft. Worth 1978). However, before a lienholder may execute on such a lien, it is clear that the lienholder must be able to segregate and identify the materials that he provided and which are therefore subject to his lien. *Kaspar v. Cockrell-Riggins Lighting Co.,* 511 S.W.2d 109 (Tex.Civ.App.—Eastland 1974); *Cisco Banking Co. v. Keystone Pipe & Supply Co.,* 277 S.W. 1060 (Tex.Com.App.1925); *McAllen v. Mogul Producing & Refining Co.,* 257 S.W. 918 (Tex.Civ.App.—Galveston 1923, writ dismissed); Priority of Mechanics' and Materialman's Liens in Texas, 40 Tex.L. Rev. 872, 876–877 (1962). The failure to

segregate and identify materials provided is fatal to the materialman's lien that is not otherwise perfected prior to the filing of a deed of trust.

■ It is undisputed that Suburban was the major but not the sole supplier of materials to Jamail. Suburban admits that it cannot distinguish its materials from those of other suppliers. The doctrine of confusion of goods, which calls for forfeiture of a co-mingler's interest in his own goods co-mingled with others, is not applicable to a priority conflict between creditors of a common co-mingling debtor. 15A CJS "Confusion of Goods" § 8 p. 554 n. 57. Suburban had the burden of distinguishing the materials it delivered in order to assert a materialman's lien on such material. Suburban argues that the materials it provided (lumber, plywood, felt paper, steel mesh, nails, etc.) are fungible items incapable of marking for identification, or if marked would not be identifiable after installation. Suburban thus concludes, with some logic, that the requirement of identification should not exist for such fungible items, because the lien could be defeated by a co-mingling builder in every case.

■ There is no Texas case excluding fungible items from the identification requirement for establishing a preference materialman's lien irrespective of priority in time. To create such an exception would allow disputes among different suppliers asserting materialman's liens over material whose source would be impossible to determine. This court will not take such a step establishing a fungible item exception to the segregation and identification requirement for a preference lien. Therefore Suburban's lien for materials delivered, whether unincorporated or incorporated and removable, must fail.

It is ORDERED that the decision of the Bankruptcy Judge issued on September 29, 1978, is hereby AFFIRMED.