609 F.2d 1387
 In the Matter of John JAMAIL and John Jamail Builders, Inc.,
Debtors.
SUBURBAN HOMES LUMBER CO., Merliss, Jones & Robinson,
Plaintiffs-Appellants,
v.
LOMAS & NETTLETON FINANCIAL CORPORATION, John Jamail and
John Jamail Builders, Inc., Defendants-Appellees.
 No. 79-2705
Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Jan. 21, 1980.
 
 Liddell, Sapp, Zivley & Brown, Charles H. Waters, Jr., Houston, Tex., for plaintiffs-appellants.
 Locke, Purnell, Boren, Laney & Neeley, Larry M. Lesh, Dallas, Tex., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Texas.
 Before CHARLES CLARK, VANCE, and SAM D. JOHNSON, Circuit Judges.
 CHARLES CLARK, Circuit Judge:
 
 
 1
 Suburban Homes Lumber Co. (Suburban) appeals from the district court's ruling denying priority to materialman's liens asserted upon building materials it furnished for the construction of three apartment complexes. We affirm.
 
 
 2
 Suburban furnished lumber, roofing, nails, hardware, reinforcing mesh, rebar steel, and other general building supplies to John Jamail Builders, Inc. (Jamail) for the use in the construction of three apartment complexes in Houston, Texas. While it was the major supplier of materials to Jamail, Suburban was not the sole supplier, and it admitted at trial that it could not distinguish its materials from those provided by other suppliers. Jamail financed the construction of each of the three apartment complexes by obtaining a loan from Lomas & Nettleton Financial Corp. (Lomas) secured by a deed of trust. Lomas recorded all three deeds of trust, together with financing statements, prior to Suburban's filing of its materialman's lien on each complex. Following Jamail's default on the construction loans, Lomas foreclosed on the deeds of trust, and shortly thereafter Jamail filed for reorganization under Chapter XI of the Bankruptcy Act, 11 U.S.C. §§ 761-99 (repealed 1979).
 
 
 3
 Suburban filed a complaint before the Bankruptcy Judge seeking a declaration that its materialman's liens were superior to the deeds of trust held by Lomas. The Bankruptcy Judge, however, held that Lomas's deeds of trust had priority over Suburban's materialman's liens since the construction on each apartment complex did not commence prior to the recording of Lomas's deed of trust securing the loan used to finance that complex. He rejected Suburban's claim that it was entitled to foreclose its liens regardless of priority on any materials not incorporated into the apartment complexes and on any improvements constructed from materials furnished by it that could be removed without damaging the realty, other improvements, or the improvements removed on the ground that Suburban had failed to segregate and identify the materials it had supplied. The district court affirmed the decision of the Bankruptcy Judge, rejecting Suburban's arguments that the identification requirement should not be applied to fungible goods and that it was entitled to a portion of the materials claimed under the doctrine of confusion of goods. On this appeal Suburban argues that Texas law does not require a materialman to be able to identify the goods he supplied to enforce a preference lien upon unincorporated materials or removable improvements, that it has sufficiently identified the materials it furnished to establish its priority, that the requirement of identification should not apply to fungible goods, and that it is entitled to a portion of the materials claimed under the doctrine of confusion of goods.
 
 
 4
 Tex.Rev.Civ.Stat.Ann. art. 5452(1) (Supp.1978) grants any person who supplies materials for the construction of any building or improvement a lien on such building or improvement and the underlying realty to secure payment for the material furnished. In First National Bank v. Whirlpool Corp., the Texas Supreme Court ruled that the statutory lien granted to a materialman by art. 5452 is superior to a lien created by a prior recorded deed of trust with respect to the improvements made that can be removed without material injury to the underlying realty, to preexisting improvements, or to the improvements removed. 517 S.W.2d 262 (Tex.1974). See also, First Continental Real Estate Investment Trust v. Continental Steel Co., 569 S.W.2d 42 (Tex.Civ.App.1978); Majestic Building Corp. v. McClelland, 559 S.W.2d 883 (Tex.Civ.App.1977); Parkdale State Bank v. McCord, 428 S.W.2d 121 (Tex.Civ.App.1968) (writ ref'd, n. r. e.). This preference lien accorded to materialmen also attaches to materials that the supplier has delivered but which have not yet been incorporated into the building or improvement. First Continental Real Estate Investment Trust v. Continental Steel Co., 569 S.W.2d 42, 45 (Tex.Civ.App.1978); Justice Mortgage Investors v. C. B. Thompson Construction Co., 533 S.W.2d 939, 944 (Tex.Civ.App.1976) (writ ref'd, n. r. e.). The ability of Suburban to foreclose on its materialman's liens, however, depends upon an interpretation of conflicting decisions by the Texas Court of Civil Appeals.
 
 
 5
 In 1937, the Texas Court of Civil Appeals held in Wallace Gin Co. v. Burton-Lingo Co. that a materialman's lien held by Burton-Lingo, which had furnished the Wallace Gin Co. with some of the materials used by it in the construction of a cotton house next to its gin facility, had priority over a prior deed of trust encumbering the property on which the cotton house was built. 104 S.W.2d 891 (Tex.Civ.App.1937). The court concluded that upon foreclosure of its lien Burton-Lingo was entitled to sell the entire cotton house, which it found to be a removable improvement, regardless of whether it had furnished all of the materials used in its construction. Relying upon the policies underlying the establishment of materialman's liens, the court reasoned that to refuse to enforce such a lien because the materialman did not supply all of the materials used in the construction of an improvement would in many cases allow the lien and the rights of a materialman to be easily defeated since generally no one supplier furnishes all of the materials used in a construction project. Such a result, the court concluded, would violate "the manifest purpose of the (Texas) Constitution and the (Texas) statutes to afford the materialman a lien, and to give him his remedies, for the materials furnished for such purpose, whether they be all or only a part of the materials used in the construction of the improvements." Id. at 892. See also Parkdale State Bank v. McCord, 428 S.W.2d 121, 126-27 (Tex.Civ.App.1968) (writ ref'd, n. r. e.); R. B. Spencer & Co. v. Brown, 198 S.W. 1179 (Tex.Civ.App.1917).
 
 
 6
 The decision in Wallace Gin Co. was recently relied upon by the Texas Court of Civil Appeals in Richard H. Sikes, Inc. v. L & N Consultants, Inc., in which the court again addressed the issue of a conflict between a prior recorded deed of trust and materialman's lien. 586 S.W.2d 950 (Tex.Civ.App.1979). In Richard H. Sikes, Inc., the court concluded that a general contractor was entitled to foreclose his materialman's lien on removable improvements furnished and installed by his subcontractors regardless of whether he had paid the subcontractors. Citing, Inter alia, Wallace Gin Co., the court stated that under art. 5452 a perfected materialman's lien could be enforced against all removable improvements regardless of whether they were constructed by the general contractor or his subcontractors. Id. at 956. The court, however, did note that the labor and materials supplied by the subcontractors were actually furnished to the landowner by the general contractor under its contract with the landowner; no direct contractual relation existed between the landowner and the subcontractors. Id.
 
 
 7
 Other Texas decisions hold that a materialman must be able to identify and segregate the materials he furnished for his statutory lien to have priority over a prior deed of trust. In McCallen v. Mogul Producing & Refining Co., a lumber company that had supplied building materials used in the construction of a building sought to foreclose upon its preference lien. 257 S.W. 918 (Tex.Civ.App.1923) (writ dismissed). One of the grounds on which the court refused to enforce the lien was that the lumber company had not presented sufficient evidence identifying the materials it had furnished to differentiate them from those materials provided by other suppliers. Id. at 923. See also, Cisco Banking Co. v. Keystone Pipe & Supply Co., 277 S.W. 1060 (Tex.Com.App.1925).
 
 
 8
 In 1974 the Texas Court of Appeals in Kaspar v. Cockrell-Riggins Lighting Co., reiterated the identification requirement for enforcement of a materialman's lien upon removable improvements covered by a prior recorded deed of trust. 511 S.W.2d 109 (Tex.Civ.App.1974). The materialman in Kaspar had supplied some of the lighting fixtures, cabinets, chimes, buttons, mail boxes, and lamps used by a general contractor in the construction of an apartment complex. The court ruled that the materialman's preference lien applied only to those removable improvements which he could identify as having been purchased from him. Id.
 
 
 9
 In Richard H. Sikes, Inc., the court was not confronted with the question of the enforceability of a materialman's lien held by a party who was only one of several suppliers of identical materials. The conflict in that case was between the holder of a prior recorded deed of trust and the general contractor who had obligated himself by contract to supply all the labor and materials necessary to complete the entire construction project. The most recent decision by the Texas courts addressing a factual situation similar to that of the case at hand is Kaspar, in which the court ruled that the preference lien extended only to those improvements which the materialman could identify as being supplied by him. The identification requirement announced by the court in Kaspar applies to Suburban's lien.
 
 
 10
 Testimony before the trial court indicated that Suburban was not the sole supplier of materials to Jamail, and Suburban has admitted that it cannot distinguish the materials it furnished from those provided by other suppliers. The evidence presented by Suburban consisted solely of invoices and lien affidavits indicating the type, amount, and value of the materials supplied by Suburban and reflecting the location to which Suburban delivered the materials. This proof fails to establish which of the materials sought to be subjected to its lien were actually supplied by Suburban.
 
 
 11
 Suburban seeks to avoid the identification requirement by contending that either the requirement should not apply to fungible goods or that under the confusion of goods doctrine it should be entitled to a portion of the materials. Neither argument has merit. The Texas courts have not made an exception to the identification requirement for fungible materials, and we are unwilling to create such an exception. In Kaspar the improvements which the materialman sought to remove consisted of items which can be characterized as fungible. In fact the fungible nature of the items furnished by the materialmen in Kaspar was the cause of his inability to identify them. Where several suppliers provide identical materials to a building project encumbered by a prior recorded deed of trust and the removable improvements would not satisfy the claims of all of the suppliers, a failure to apply the identification rule would result in granting to the first suppliers who foreclose their liens a full or disproportionate satisfaction to the detriment of later filing suppliers.
 
 
 12
 We also reject Suburban's contention that the doctrine of confusion of goods should allow it to foreclose on part of the removable improvements and unincorporated materials in proportion to its percentage of Jamail's total material purchases. The Texas Supreme Court has stated that the confusion of goods doctrine generally applies
 
 
 13
 only when the commingled goods of different parties are so confused that the property of each cannot be distinguished. Where the mixture is homogeneous, the goods being similar in nature and value, and if the portion of each may be properly shown, each party may claim his aliquot share of the mass. Belcher v. Cassidy Bros. Live Stock Commission Co., 26 Tex.Civ.App. 60, 62 S.W. 924 (Tex.Civ.App. 1901, writ ret'd); Farrow v. Farrow, 238 S.W.2d 255 (Tex.Civ.App. Austin 1951, no writ); 1 Am.Jur.2d Accession and Confusion, § 21 (1962); 15A C.J.S. Confusion of Goods § 7(1967).
 
 
 14
 Humble Oil and Refining Co. v. West, 508 S.W.2d 812, 818 (Tex.1974). In this case, however, the goods which Suburban claims were commingled, building materials used in the construction of apartment buildings, were all owned by Jamail. Once Suburban and the other materialmen delivered the materials to Jamail on Jamail's credit they retained only a security interest, not an ownership interest, in those materials. Thus no commingling of "goods of different parties" occurred.
 
 The decision of the district court is
 
 15
 AFFIRMED.
 
 
 
 *
 Fed.R.App.P. 34(a); 5th Cir.R. 18